UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDEEP DALAL,

Plaintiff,

v.

GOLDMAN, SACHS & CO.,

Defendant.

No.: 06-1061-EGS

**MEMORANDUM OF GOLDMAN, SACHS & CO.
IN SUPPORT OF ITS MOTION TO DISMISS THE PURPORTED
COMPLAINT**

Of Counsel:

Robin D. Fessel
Lisa M. White
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

Jordan T. Razza
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5805

*Counsel for Goldman, Sachs & Co.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..... 1

BACKGROUND ..... 2

ARGUMENT ..... 3

A. Dalal's Motion Is Time-Barred. ..... 3

B. Dalal Has Set Forth No Grounds for Modification. ..... 4

1. Dalal's FAA Claims Are Without Merit. ..... 5

2. There Was No "Manifest Disregard of the Law". ..... 6

3. Neither "Quantum Meruit" Nor "Unjust Enrichment" is a Ground for Modification In Federal Court. ..... 8

CONCLUSION ..... 9

## TABLE OF AUTHORITIES

Page

### Cases

*Apex Plumbing* Supply, *Inc.*, v. *U.S. Supply Co.* Inc.,
142 F.3d 188 (4th Cir. 1998) .......... 5, 7

*Ballantine Books, Inc.* v. *Capital Distrib. Co.*,
302 F.2d 17 (2d Cir. 1962) .......... 7

*Companhia de Navegaçao Maritima Netumar* v. *Armada Parcel Serv., Ltd.*, No. 96 Civ. 6441, 2000 WL 60200 (S.D.N.Y. Jan. 25, 2000) .......... 5

*Dadak* v. *Commerce Insurance Co.*,
758 N.E.2d 1083 (Mass. App. Ct. 2001) .......... 6

*Diapulse Corp. of America* v. *Carba, Ltd.*,
626 F.2d 1106 (1980) .......... 6

*Drysdale Design Associates* v. *Frist*,
No. 99-7230, 2001 WL 1491350 (C.A.D.C. Oct. 31, 2001) .......... 5

*Duferco Int'l Steel Trading* v. *T. Klaveness Shipping A/S*,
333 F.3d 383 (2d Cir. 2003) .......... 7

*Farkas* v. *Receivable Fin. Corp.*,
806 F.Supp. 84 (E.D.Va. 1992) .......... 7

*Gilmer* v. *Interstate/Johnson Lane Corp.*,
895 F.2d 195 (4th Cir. 1990) .......... 2, 8

*Hamilton* v. *Sirius Satellite Radio Inc.*,
375 F. Supp. 2d 269 (S.D.N.Y. 2005) .......... 6, 7

*Hough* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
757 F. Supp. 283 (S.D.N.Y. 1991) .......... 5

*In re Cole Publishing Co. Inc.*, v. *John Wiley & Sons, Inc.*,
No. 93 Civ. 3641, 1994 WL 532898 (S.D.N.Y. Sept. 29, 1994) .......... 4

*Konkar Maritime Enterprises, S.A.* v. *Compagnie Belge D'Affretement*,
668 F.Supp. 267 (S.D.N.Y. 1987) .......... 4

*Kurt Orban Co.* v. *Angeles Metal Sys.*,
573 F.2d 739 (1978) .......... 7

*McIlroy* v. *PaineWebber, Inc.*,
989 F.2d 817 (5th Cir. 1993) ..........2

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, v. *Bobker*,
808 F.2d 930 (2d Cir. 1986) ..........7

*NCR Corp.* v. *SAC-Co Inc.*,
43 F.3d 1076 (6th Cir. 1995) ..........6

*Palmer* v. *Duke Power Co.*,
499 S.E.2d 801 (N.C. App. 1998) ..........6

*Siegel* v. *Titan Indus. Corp.*,
779 F.2d 891 (2d Cir. 1985) .......... 6-7

*Spencer* v. *U.S. Clearing Corp.*,
No. 90 Civ. 6314, 1994 WL 267818 (S.D.N.Y. June 15, 1994) ..........2, 6

*Sverdrup Corp.* v. *WHC Constructors, Inc.*,
989 F.2d 148 (4th Cir. 1993) ..........4

*United Steelworkers of America* v. *Enterprise Wheel and Car Corp.*,
363 U.S. 593 (1960) ..........8

*Upshur Coals Corp.* v. *United Mine Workers of America*,
933 F.2d 225 (4th Cir. 1991) ..........8

**Statutes**

9 U.S.C. §11 ..........5, 6

9 U.S.C. §12 ..........3, 4

Uniform Arbitration Act 1956 §13(a)(1) ..........6

**Rules**

Fed. R. Civ. P. 4(c) ..........1

NYSE Rule 627(a), (e) ..........8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDEEP DALAL,

Plaintiff,

v.

GOLDMAN, SACHS & CO.,

Defendant.

No.: 06-1061-EGS

**MEMORANDUM OF GOLDMAN, SACHS & CO. IN SUPPORT OF ITS MOTION TO DISMISS THE PURPORTED COMPLAINT**

Although the "plaintiff" Sandeep Dalal ("Dalal"), who is proceeding *pro se*, purports to have filed a "complaint" ("Cplt."), his submission makes clear that he is moving under the Federal Arbitration Act ("FAA") to modify an arbitration award issued by the New York Stock Exchange ("NYSE"). Accordingly, Goldman, Sachs & Co. ("Goldman Sachs") hereby responds to the modification motion set forth in Dalal's "complaint."[1]

**PRELIMINARY STATEMENT**

Dalal's motion to modify an award issued by a panel of NYSE arbitrators on November 25, 2005 ("Award") must be dismissed at the outset because it is plainly barred by the FAA's three-month statute of limitations. The NYSE delivered the Award

1 If Dalal's submission were a complaint, Dalal would not have effected service of it. The FAA allows service of a motion to vacate by mail on a party's counsel—the procedure Dalal used here—but a complaint must be served on the party and (absent the party's waiver) in person rather than by mail. *See* Fed. R. Civ. P. 4(c).

to the parties on December 7, 2005. Dalal did not serve his motion until October 2, 2006, almost *ten* months after the Award was delivered.

Furthermore, even if Dalal's motion were not time-barred, it would still fail because Dalal has asserted no viable ground for modification of the Award. As courts have repeatedly held, arbitrators have broad discretion in deciding the matters brought before them, *see, e.g., Gilmer* v. *Interstate/Johnson Lane Corp.*, 895 F.2d 195, 199 (4th Cir. 1990), and the grounds upon which the FAA permits modification are strictly limited. In essence, Dalal asserts nothing more than that he believes the arbitration panel should have awarded him a greater amount than it did. That is not a basis for modification. Indeed, when "'parties agree to arbitration, they agree to accept whatever reasonable uncertainties might arise from the process.' The size of an award is one such uncertainty, and a claimant's dissatisfaction alone will not support judicial modification of that award." *See Spencer* v. *U.S. Clearing Corp.*, No. 90 Civ. 6314, 1994 WL 267818, at *1 (S.D.N.Y. June 15, 1994) (quoting *McIlroy* v. *PaineWebber, Inc.*, 989 F.2d 817, 821 (5th Cir. 1993)).

**BACKGROUND**

Dalal is a former employee of Goldman Sachs who left the firm in August 1999. On or about October 11, 2004, Dalal filed a Statement of Claim against Goldman Sachs with the New York Stock Exchange ("NYSE") (attached to the Declaration of Jordan T. Razza ("Razza Decl.") as Exh. A). In his Statement of Claim, Dalal asserted that he was entitled to: (a) $238,000 for so-called Restricted Stock Units ("RSUs"), which he forfeited under the terms of the governing documents by competing with Goldman Sachs after he left, (b) a pro-rated bonus in the amount of $375,000 for his

work during the portion of 1999 he was at Goldman Sachs and (c) unspecified punitive damages. (*See* Razza Decl. Exh. A, pp. 27-28.)

The matter was arbitrated over four days, from November 1, 2005 to November 4, 2005, before a panel of NYSE arbitrators in Washington, D.C. On November 25, 2005, the panel issued its Award, granting Dalal $25,000. (*See* Razza Decl. Exh. B.) The Award was sent to the parties on December 7, 2005. (*Id.*) Dalal explicitly acknowledges that the Award was "delivered [to him] via letter on or about December 6, 2005" (Cplt. ¶ 9).

On December 1, 2005, in anticipation of the arbitrators issuing the Award, Dalal requested of the NYSE that his name be removed from the Award before it became publicly available. (Razza Decl. Exh. C.) Goldman Sachs consented to that request, and the NYSE sent the parties a revised version of the Award on January 20, 2006. (Razza Decl. Exh. D.) On February 8, 2006, Dalal submitted to the NYSE a "Request for Modification of the Award" (Razza Decl. Exh. E), to which Goldman Sachs responded on February 22, 2006 (Razza Decl. Exh. F). The NYSE denied Dalal's request on March 9, 2006. (Razza Decl. Exh. G.)

On October 2, 2006, Dalal served his "complaint" by mail on Goldman Sachs' counsel. (Razza Decl. ¶ 2.) As Dalal describes in his "complaint," he is seeking to "appeal" the Award under the FAA. (Cplt. ¶ 10.)

## ARGUMENT

### A. Dalal's Motion Is Time-Barred.

Dalal's motion must be dismissed at the outset because it is barred by the FAA's statute of limitations. The FAA requires that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney *within*

*three months after the award is filed or delivered.*" 9 U.S.C. §12 (emphasis supplied). This requirement is "mandatory, and thus, modification motions made beyond three months after the award are time barred." *See Sverdrup Corp.* v. *WHC Constructors, Inc.*, 989 F.2d 148, 151 (4th Cir. 1993).

Here, Dalal's motion is plainly barred. As Dalal acknowledges, the Award was "delivered [to him] via letter on or about December 6, 2005." (Cplt. § 9.) In fact, it was December 7, 2005. (*See* Razza Decl. Exh. B.) Accordingly, Dalal's motion would have been timely only if it had been served on Goldman Sachs or its counsel by March 7, 2006. Dalal did not serve his motion until October 2, 2006, almost ten months after the Award was delivered and almost seven months beyond the FAA's limitations period.

Dalal's argument (Cplt. ¶ 36) that his motion should not be barred because he has not received a denial of his Request for Modification executed by the panel (which Dalal never even sought) is utterly meritless. By its express terms, the FAA's statute of limitation runs from delivery of the award the movant seeks to modify, not from denial of any subsequent request for reconsideration.

**B. Dalal Has Set Forth No Grounds for Modification.**

Even if Dalal had timely served his motion—which he did not—it would fail because he has set forth no grounds for modification. As numerous courts have made clear, "an arbitrator has broad discretion to devise appropriate remedies." *In re Cole Publishing Co. Inc.*, v. *John Wiley & Sons, Inc.*, No. 93 Civ. 3641, 1994 WL 532898, at *4 (S.D.N.Y. Sept. 29, 1994) (citing *Konkar Maritime Enterprises, S.A.* v. *Compagnie Belge D'Affretement*, 668 F.Supp. 267, 271 (S.D.N.Y. 1987)). Nothing set forth in Dalal's complaint could possibly constitute grounds for modification.

**1. Dalal's FAA Claims Are Without Merit.**

The FAA provides for modification of an arbitration award only in three very limited circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

*See* 9 U.S.C. §11. Dalal does not come close to meeting these standards.

Dalal first attempts to invoke Section 11(a), arguing that the arbitrators made an "evident material miscalculation of figures" in awarding him $25,000, rather than the $238,000 he sought on his RSU claim. (Cplt. ¶ 38.) Section 11(a), however, is only "used to correct typographical, clerical, and other obvious errors." *Companhia de Navegaçao Maritima Netumar* v. *Armada Parcel Serv., Ltd.*, No. 96 Civ. 6441, 2000 WL 60200, at *7 (S.D.N.Y. Jan. 25, 2000). If there is no mathematical error on the face of the award and no computational error that can be clearly inferred, the award will not be altered. *See Hough* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F. Supp. 283, 288 (S.D.N.Y. 1991); *see also Drysdale Design Associates* v. *Frist*, No. 99-7230, 2001 WL 1491350, at **2 (C.A.D.C. Oct. 31, 2001) ("remedy of modification of an 'evident miscalculation of figures' could only apply to mathematical errors appearing *on the face* of the award") (citing *Apex Plumbing Supply, Inc.,* v. *U.S. Supply Co.* Inc., 142 F.3d 188, 194 (4th Cir. 1998)).

Here, there is absolutely no indication of any miscalculation. Nothing in the record remotely suggests that the panel intended to award Dalal anything other than

precisely what the Award states—$25,000. Section 11(a) does not—as Dalal would have it—empower a court to override the intent of the arbitrators. *See Spencer*, 1994 WL 267818, at *1 (S.D.N.Y. June 15, 1994) (award lower than sought "does not, standing alone, constitute a miscalculation" under §11(a)).[2]

Dalal's attempt to invoke §11(c) (*see* Cplt. ¶ 45) similarly fails. Section 11(c) is limited to matters of "form not affecting the merits of the controversy," and like §11(a) it does not allow a reviewing court to "substitute its judgment for that of the arbitrators." *See Diapulse Corp. of America* v. *Carba, Ltd.*, 626 F. 2d 1106, 1110 (1980); see *also NCR Corp.* v. *SAC-Co Inc.*, 43 F.3d 1076, 1081 (6th Cir. 1995) (denying modification motion because increasing the award to one named party would "affect the intent of the award made by the arbitrator"). Again, there is absolutely no basis to conclude that the Panel intended anything other than an award of $25,000, and thus no question of any "imperfect[ion] of form."

**2. There Was No "Manifest Disregard of the Law".**

Although not set forth in the FAA, courts have held that an arbitration award may be vacated if it was made in "manifest disregard of the law." This doctrine allows modification of an arbitration award only in very narrow circumstances. It does not permit "an inquiry into the correctness of the decision, and the 'erroneous application of rules of law is not a ground for vacating an arbitrator's award, nor is the fact that an arbitrator erroneously decided the facts.'" *See Hamilton* v. *Sirius Satellite Radio Inc.*, 375 F. Supp. 2d 269, 273 (S.D.N.Y. 2005) (quoting *Siegel* v. *Titan Indus. Corp.*, 779

---

2 Dalal also cites to Section 13 of the Uniform Arbitration Act. (Cplt. p. 13, n. 3.) That provision, however, like the FAA's Section 11, concerns mathematical errors only and does not allow courts to overturn an arbitrator's decision. *See Palmer* v. *Duke Power Co.*, 499 S.E.2d 801, 807 (N.C.App. 1998); *see Dadak* v. *Commerce Insurance Co.*, 758 N.E.2d 1083, 1086 (Mass.App.Ct. 2001).

F.2d 891, 892-93 (2d Cir. 1985)). Courts are "not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it." *See Merrill Lynch, Pierce, Fenner & Smith, Inc.,* v. *Bobker*, 808 F.2d 930, 934 (2d Cir. 1986). Rather, vacating an award on the ground that it is in manifest disregard of the law is appropriate only in the "'exceedingly rare instance where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply.'" *See Hamilton*, 375 F. Supp.2d at 274 (quoting *Duferco Int'l Steel Trading* v. *T. Klaveness Shipping A/S*, 333 F.3d 383, 389-91 (2d Cir. 2003)).

Dalal asserts that the Award was in manifest disregard of the law for two reasons. First Dalal again argues that the panel should have awarded him the value of his RSUs. That is utterly baseless. Indeed, Dalal's assumption that the panel's Award even related to his RSU claim is unfounded. The panel may well have based its award on Dalal's quantum meruit claim for bonus compensation, determining that $25,000 was the value of the services he provided to Goldman Sachs during the portion of 1999 he was at the firm. Courts "will not look beyond the lump sum award in an attempt to analyze the reasoning process of the arbitrators..." *See Kurt Orban Co.* v. *Angeles Metal Sys.*, 573 F.2d 739, 740 (1978) (citing *Ballantine Books, Inc.* v. *Capital Distrib. Co.*, 302 F.2d 17, 21-22 (2d Cir. 1962)).[3]

---

[3] Dalal asserts in a footnote to his argument that the award is in manifest disregard of the law because it "fails to draw its essence from the underlying contract." (Cplt. p. 14, n. 5.) That is meritless. "'As a matter of law' neither misinterpretation of a contract nor an error of law" is a ground for modification. *See Apex Plumbing Supply, Inc.*, 142 F.3d at 193-94 (quoting *Farkas* v. *Receivable Fin. Corp.*, 806 F.Supp. 84, 87 (E.D.Va. 1992)). An award fails to draw its essence from an underlying contract only if the arbitrator based the award "on his own personal notions of right and wrong." *See Upshur Coals Corp.* v. *United Mine Workers of America*, 933 F.2d 225, 229 (4th Cir. 1991).

Second, Dalal argues that the NYSE Rules require arbitrators to provide "reasoned opinions," and that the arbitrators' failure to do so here amounts to a manifest disregard of the law. Dalal is simply wrong. The NYSE Rules contain no such requirement. To the contrary, the Rules require nothing more than that an award be in writing. *See* NYSE Rule 627(a), (e); *Gilmer* v. *Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (noting that the NYSE Rules do not require written opinions); *see also United Steelworkers of America* v. *Enterprise Wheel and Car Corp.*, 363 U.S. 593, 598 (1960) ("[a]rbitrators have no obligation to the court to give their reasons for an award.").

**3. Neither "Quantum Meruit" Nor "Unjust Enrichment" is a Ground for Modification In Federal Court.**

Finally, Dalal's contentions that the Award should be modified under the equitable doctrines of quantum meruit and unjust enrichment to provide him more than the $25,000 the Panel awarded him are baseless. (Cplt. ¶¶ 48-53.) Dalal has not—and could not—point to any authority for vacating an arbitration award on these grounds. Rather, Dalal is simply—and improperly—attempting to reassert claims he has already submitted to the arbitrators, and on which they have already ruled.

**CONCLUSION**

Under the FAA's strictly applied statute of limitations, Dalal's motion is plainly time-barred. Moreover, for the reasons set forth above, Dalal's motion would fail even if it were timely. Accordingly, Goldman Sachs respectfully requests that the Court deny Dalal's motion and dismiss his "Complaint."

Dated: October 23, 2006
New York, New York

Of Counsel:

Robin D. Fessel
Lisa M. White
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

Jordan T. Razza
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5805

*Counsel for Goldman, Sachs & Co.*