VIA FAX AND MAIL

2111 Wisconsin Avenue, NW
Washington, DC 20007
(202) 342-1205 | sandeep@post.harvard.edu

December 1, 2005

Mr. David Carey                                 Cc:   Mr. Robin Fessel
NYSE Arbitration Department                           Sullivan & Cromwell
20 Broad Street – 5th Floor                           125 Broad Street
New York, NY 10005                                    New York, NY 10004
Fax (212) 656-2727                                    Fax (212) 558-3588

RE: REQUEST FOR CONFIDENTIALITY UNDER RULE 627(f) and 629(c)

Dear Mr. Carey:

      With a decision imminent in a matter of weeks, I respectfully request the Director of Arbitration to not publish my name upon delivery of the decision on *Sandeep Dalal v. Goldman Sachs*. My request for confidentiality is provided for by NYSE Rule 627(f) and 629(c), one specifically created to balance the public purpose of making the amount and nature of the decision public while affording me the protection of the Uniform Code of Arbitration. **Arbitration rules have long recognized that since individual employees at institutions such as Goldman Sachs are not named upon publication of an award, the individual bringing a claim too should receive that same courtesy.**

By way of background, my request was first made to the NYSE in August 2004 and repeated in every filing thereafter.[1] I have thus brought this arbitration upon reasonable reliance on the NYSE's acceptance of my request, one consistent with the confidentiality explicitly provided by the Uniform Code of Arbitration. Furthermore, even under the strictest interpretation of Rule 627(f) and 629(c), I am eligible.

- Firstly, and foremost, Rule 627(f) protects all individual claims, not merely customers of brokerages. When NYSE Rules intend to refer to brokerage customers only, those rules use the phrase "*public* customer" specifically.
- Secondly, the Director of Arbitration has already deemed me to be a "customer," but one making an "industry claim," at the time fees had been assessed on this dispute.[2] So the NYSE has already implicitly classified me as a "customer" of some sort. It presumably did so because NYSE Rules are oddly enough silent about "employee" disputes and the only other categories of claims are that of an "industry claimant," also referred to as a "member," or a customer making a "customer claim," also referred to as a "public customer," neither of which applies to this dispute.[3] Clearly

there is a method to those references, and if I were to be excluded from Rule 627(f), the phrase '*public* customer' would have been used.
- Fourthly, the NYSE should have recognized upfront that its rules make no mention of employee disputes, enabling me to take the matter to the AAA (which does provide full confidentiality).[4] Given that the NYSE accepted this employee dispute, fairness demands that its rules be read to cover employees as well, not just brokerage customers.
- Fifthly, by disclosing only the amount and the nature of claim, the public purpose will not be comprised.[5] Indeed, it is the only option consistent with federal arbitration law.

In sum, given that the NYSE Rules provide no other classification of me other than as a customer making an industry claim (but a customer nevertheless), given that the NYSE's acceptance of this dispute comes with the implicit assurance that its rules would be read to cover employees, given my reasonable reliance on the NYSE's acceptance of my point of view for over a year now and given the fact that individuals at Goldman Sachs would not have their names published but only I face that unequal remedy, I request my name not be published at the time of the award.

Sincerely,

*/s/ Sandeep Dalal*
Sandeep Dalal

---

[1] From the very first communications with Mr. Robert Kreuter, from as early as August 2004, I have emphasized my desire for confidentiality. I repeated the need for confidentiality in every letter, including specifically citing Rule 627(f) in my Statement of Claim and in my Reply to Respondent.

[2] Letters were exchanged in October and November 2004. Oddly enough, the NYSE Rules provided no other classification for an employee dispute. After all, I am certainly not a "member;" there is no mention of the word "employee;" and no other phrase under which I can be classified other than as a customer.

[3] If the Office of Arbitration were to rule that I am not a customer making an industry claim, as set forth by the aforementioned rule, it must nevertheless acknowledge that all references to 'customer,' such as Rule 600 or Rule 607, also use the reference to 'non-member.' I certainly must be a non-member, for there is no other definition to cover an employee dispute. Equally clearly, any rule which does not jointly reference 'customer' with 'non-member' uses the phrase 'public customer' instead.

[4] In my letter to Mr. Kreuter in August 2004, I argued that the NYSE rule in favor of my taking the arbitration to the AAA, since the NYSE Rules are oddly silent about 'employees' and that Rule 600(f) requires that any employee dispute cannot be considered by the NYSE unless the agreement to arbitrate was signed after the dispute began. That was not the case. I also focused your attention to the fact that the scope of NYSE arbitration is limited to customers, investors and others with similar business relationships, that my dispute does not arise out of a business of Goldman Sachs and that the NYSE rules cover third-party and external disputes. Given that the NYSE ruled against me, it is incumbent upon the NYSE to ensure that its rules be read to apply to employee disputes. That is the minimum standard of fairness. Having accepted my arbitration in the face of my warnings about the silence of NYSE Rules on employee matters, the Office of Arbitration should exercise its considerable discretion in my favor. In any event I am a customer, even if one making an industry claim.

[5] It is well know that Rule 627(f) was created to provide for public access to arbitration decisions but while protecting the privacy of the individual. I am an individual no doubt, and the confidentiality provisions of the Uniform Code of Arbitration (UCA) were written to protect me. Rule 630 is a catchall rule designed to ensure that the UCA is fully available to me. I brought this arbitration under the protection of that promise of confidentiality.