*C15125/0000*

VIA EMAIL AND MAIL

2111 Wisconsin Avenue, NW
Washington, DC 20007
(202) 342-1205 | sandeep a post.harvard.edu

February 8, 2006

Mr. David Carey                    Cc:    Mr. Robin Fessel
NYSE Arbitration Department               Sullivan & Cromwell
20 Broad Street - 5th Floor               125 Broad Street
New York, NY 10005 | Fax (212) 656-2727   New York, NY 10004 | Fax (212) 558-3588

RE: REQUEST FOR MODIFICATION OF AWARD

Dear Mr. Carey:

Thank you very much for your fax of January 20, 2006, delivering to me the revised award on the matter #2004-015821 *Sandeep Dalal v. Goldman Sachs*. This completes the task alluded to in your fax of December 5, 2005, which left for later a revision to the award.

Therefore, pursuant to procedures set forth in the NYSE's *Arbitration Procedures: January 2001*, I submit this request to modify the amount of the award made to me.[1] As required by those rules, I am not seeking a revision of the award, merely a modification of it. I make the request on the strength of well-settled New York law, which provides that a party injured by a breach of contract is entitled to that amount of damages necessary to place the party in as good a position as it would have been in had the other party fully performed the contract. (See *Terwilliger*, 206 F.3d at 248). The contract is clear on that score and the honorable arbitrators must award me no less than 2,123 shares of Goldman Sachs (or cash in the amount of $301,466). Furthermore, as requested in my Statement of Claim, I am owed interest. Under New York Law, pre-judgment interest is normally recoverable as a matter of right in an action at law for breach of contract (*Graham v. James*, 144 F.3d at 239), which all would agree accrues at 9%. I am therefore owed an additional 67% of the original award, which is 1,437 shares or $204,092.

Therefore, consistent with the award in favor of Sandeep Dalal, and well settled New York law, Dalal is owed 3,560 shares of Goldman Sachs, or cash in the amount of $505,558. Alternatively, it would be a manifest disregard of applicable law for the honorable arbitrators to award an amount less than the greater of the two. The current award certainly is.

Sincerely submitted,

Sandeep Dalal

_____

[1] To quote from the NYSE *Arbitration Procedures: January 2001*: "This authority is derived from the arbitration laws…that allow a party to request a modification of award, typically within 20 days after the award was issued. New York's arbitration law is a good illustration of the award modification process. Under Section 7509 of the New York Civil Practice Law and Rules, a party must request modification of an award in writing, within 20 days after delivery of the award. This request is sent to the SRO administrator, and to the other parties, who have 10 days to reply. After the other parties reply (or the 10-day period expires), the arbitrators have 30 days to act on the modification request. The arbitrators will either deny the request to modify their award, or issue a written modification of their award…every state arbitration law allows courts to correct such technical mistakes in awards."