UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

SANDEEP DALAL,                     :

                        Plaintiff,       :

                v.                :         No.: 06-1061-EGS

                                     :

GOLDMAN, SACHS & CO.,           :

                                   :

                        Defendant.     :

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF GOLDMAN, SACHS & CO. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


Of Counsel:

Robin D. Fessel                         Jordan T. Razza
SULLIVAN & CROMWELL LLP         SULLIVAN & CROMWELL LLP
125 Broad Street                 ·    1701 Pennsylvania Avenue, N.W.
New York, NY 10004-2498           Washington, D.C. 20006-5805

                                     *Counsel for Goldman, Sachs & Co.*

## TABLE OF CONTENTS

Preliminary Statement................................................................................................2

Background ...............................................................................................................3

Argument ..................................................................................................................4

      A.     Dalal's Motion Is Time-Barred................................................................4

      B.     Dalal Has Set Forth No Grounds for Modification.....................................5

           1.  There Was No "Manifest Disregard of the Law". ................................5

           2.  The Award Did Not Fail To Draw Its Essence From a Contract............7

           3.  There was No Evident Miscalculation. ...................................................8

      C.     Dalal Could Not Assert Claims For "Quantum Meruit" Or "Unjust Enrichment." ...............................................................................................9

Conclusion ..............................................................................................................10

# TABLE OF AUTHORITIES

Page

## Cases

*Apex Plumbing* Supply, Inc., v. *U.S. Supply Co.* Inc.,
142 F.3d 188 (4th Cir. 1998) ............................................................... 7-9

*Ballantine Books, Inc.* v. *Capital Distrib. Co.*,
302 F.2d 17 (2d Cir. 1962) ...................................................................7

*Beard* v. *Edward D. Jones*,
No. 57142-7-I, 2006 WL 2469144 (Washington App. Div. 1,
Aug. 28, 2006 .........................................................................................8

*Companhia de Navegaçao Maritima Netumar* v. *Armada Parcel Serv.,*
*Ltd.*, No. 96 Civ. 6441, 2000 WL 60200 (S.D.N.Y. Jan. 25, 2000) ..............................8

*Drysdale Design Associates* v. *Frist*,
No. 99-7230, 2001 WL 1491350 (C.A.D.C. Oct. 31, 2001) ......................... 8

*Duferco Int'l Steel Trading* v. *T. Klaveness Shipping A/S*,
333 F.3d 383 (2d Cir. 2003) .................................................................. 6

*Farkas* v. *Receivable Fin. Corp.*,
806 F.Supp. 84 (E.D.Va. 1992) ............................................................. 7

*Gilmer* v. *Interstate/Johnson Lane Corp.*,
895 F.2d 195 (4th Cir. 1990) .............................................................. 2, 7

*Hough* v. *Merrill Lynch, Pierce, Fenner & Smith*, *Inc.*,
757 F. Supp. 283 (S.D.N.Y. 1991) ......................................................... 8

*Hamilton* v. *Sirius Satellite Radio Inc.*,
375 F. Supp. 2d 269 (S.D.N.Y. 2005) ..................................................... 6

*Hercules & Co.* v. *Shanna Restaurant*,
613 A.2d 916 (D.C. App. 1992) ............................................................ 5

*In re Cole Publishing Co. Inc.*, v. *John Wiley & Sons, Inc.*,
No. 93 Civ. 3461, 1994 WL 532898 (S.D.N.Y. Sept. 29, 1994) .................. 5

*Konkar Maritime Enterprises, S.A.* v. *Compagnie Belge D'Affretement*,
668 F.Supp. 267 (S.D.N.Y. 1987) ......................................................... 5

*Kurke* v. *Oscar Gruss and Son, Inc.*,
454 F. 3d 350 (D.C. Cir. 2006)............................................................. 6

*Kurt Orban Co.* v. *Angeles Metal Sys.,*
  573 F.2d 739 (1978)....................................................................................... 7

*McIlroy* v. *PaineWebber, Inc.,*
  989 F.2d 817 (5th Cir. 1993) ....................................................................... 3

*Merrill Lynch, Pierce, Fenner & Smith, Inc.,* v. *Bobker,*
  808 F.2d 930 (2d Cir. 1986) ........................................................................ 6

*Pike* v. *Freeman,*
  266 F.3d 78, 90 (2d Cir. 2001) ................................................................... 9

*Ruppert* v. *Deutsche Bank Sec. Inc.,*
  No. Civ. 04-02255HHK, 2005 WL 1902863 (D.D.C. July 11, 2005)............ 8

*Schattner* v. *Giraud, Inc.,,*
  668 F.2d 1366 (1981)..................................................................................... 9

*Siegel* v. *Titan Indus. Corp.,*
  779 F.2d 891 (2d Cir. 1985) ........................................................................ 6

*Spencer* v. *U.S. Clearing Corp.,*
  No. 90 Civ. 6314, 1994 WL 267818 (S.D.N.Y. June 15, 1994)............ 2, 8-9

*Sverdrup Corp.* v. *WHC Constructors, Inc.,*
  989 F.2d 148 (4th Cir. 1993) ....................................................................... 4

*United Steelworkers of America* v. *Enterprise Wheel and Car Corp.,*
  363 U.S. 593 (1960)....................................................................................... 7

*Upshur Coals Corp.* v. *United Mine Workers of America,*
  933 F.2d 225 (4th Cir. 1991) ....................................................................... 7

## Statutes

9 U.S.C. §3................................................................................................... 10

9 U.S.C. §12.................................................................................................... 4

D.C. Code §16-4312 ................................................................................... 5, 8

D.C. Code §12-301......................................................................................... 9

N.Y. C.P.L.R. §213......................................................................................... 9

## Rules

Fed. R. Civ. P. 4(c) ........................................................................................ 1

Fed. R. Civ. P. 56........................................................................................... 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :
SANDEEP DALAL,                          :
                                        :
                Plaintiff,              :
                                        :
        v.                              :        No.: 06-1061-EGS
                                        :
GOLDMAN, SACHS & CO.,                   :
                                        :
                Defendant.              :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

**MEMORANDUM OF GOLDMAN, SACHS & CO.
IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

As is described in the October 23, 2006 Memorandum of Goldman, Sachs

& Co. in Support of its Motion to Dismiss the Purported Complaint ("Dismissal

Memorandum"), although "plaintiff" Sandeep Dalal ("Dalal") purported to file a

"complaint" ("Cplt."), his submission made clear that he was moving under the Federal

Arbitration Act ("FAA") to modify an arbitration award issued by the New York Stock

Exchange ("NYSE"). As further described in Goldman Sachs' Dismissal Memorandum,

if Dalal's submission were a complaint, Dalal would not have effected service of it. The

FAA allows service of a motion to vacate on a party's counsel—the procedure Dalal used

here—but a complaint must be served on the party. *See* Fed. R. Civ. P. 4(c). [1]

---

[1]    The Court's docket sheet explicitly notes that the summons Mr. Dalal obtained
was "not issued to Goldman, Sachs & Co."

Accordingly, Goldman, Sachs & Co. ("Goldman Sachs") treated the "complaint" as a motion under the FAA and responded to that motion.

Dalal has now served what he styles a "Motion for Summary Judgment" ("Dalal Motion"). Because Dalal has not served any complaint on Goldman Sachs, and thus no action has been commenced, he cannot bring a motion for summary judgment under Fed. R. Civ. P. 56. Accordingly, Goldman Sachs will also treat the Dalal Motion as one for modification of the award and respond accordingly.

## PRELIMINARY STATEMENT

Dalal's motion to modify an award issued by a panel of NYSE arbitrators on November 25, 2005 ("Award") must be dismissed at the outset because it is plainly barred by the applicable three-month statute of limitations. The NYSE delivered the Award to the parties on December 7, 2005. Dalal did not serve his motion until October 2, 2006, almost *ten* months after the Award was delivered.

Furthermore, even if Dalal's motion were not time-barred, it would still fail because Dalal has asserted no viable ground for modification of the Award. As courts have repeatedly held, arbitrators have broad discretion in deciding the matters brought before them, *see, e.g., Gilmer* v. *Interstate/Johnson Lane Corp.*, 895 F.2d 195, 199 (4th Cir. 1990), and the grounds for modification are strictly limited. In essence, Dalal asserts nothing more than that he believes the arbitration panel should have awarded him a greater amount than it did. That is not a basis for modification. Indeed, when "'parties agree to arbitration, they agree to accept whatever reasonable uncertainties might arise from the process.' The size of an award is one such uncertainty, and a claimant's dissatisfaction alone will not support judicial modification of that award." *See Spencer* v. *U.S. Clearing Corp.*, No. 90 Civ. 6314, 1994 WL 267818, at *1 (S.D.N.Y.

June 15, 1994) (quoting *McIlroy* v. *PaineWebber, Inc.*, 989 F.2d 817, 821 (5th Cir. 1993)).

## BACKGROUND

Dalal is a former Goldman Sachs employee who left the firm in August 1999.  On or about October 11, 2004, Dalal filed a Statement of Claim against Goldman Sachs with the NYSE (attached to the Declaration of Jordan T. Razza sworn to October 23, 2006 ("Razza Decl.") as Exh. A).  In his Statement of Claim, Dalal asserted that he was entitled to (among other things):  (a) so-called Restricted Stock Units ("RSUs"), which he forfeited under the terms of the governing documents by competing with Goldman Sachs after he left; (b) a pro-rated bonus for his work during the portion of 1999 he was at Goldman Sachs; (c) punitive damages; and (d) "any other further relief that the honorable Arbitrators deem just and proper."  (*See* Razza Decl. Exh. A, pp. 27-29.)

The matter was arbitrated over four days, from November 1, 2005 to November 4, 2005, before a panel of NYSE arbitrators in Washington, D.C.  On November 25, 2005, the panel issued its Award, granting Dalal $25,000.  (*See* Razza Decl. Exh. B.)  The Award was sent to the parties on December 7, 2005.  (*Id.*)  Dalal explicitly acknowledges that the Award was "delivered [to him] via letter on or about December 6, 2005" (Cplt. ¶ 9).

On December 1, 2005, in anticipation of the arbitrators issuing the Award, Dalal requested of the NYSE that his name be removed from the Award before it became publicly available.  (Razza Decl. Exh. C.)  Goldman Sachs consented to that request, and the NYSE sent the parties a revised version of the Award on January 20, 2006.  (Razza Decl. Exh. D.)  On February 8, 2006, Dalal submitted to the NYSE a "Request for

Modification of the Award" (Razza Decl. Exh. E), to which Goldman Sachs responded on February 22, 2006 (Razza Decl. Exh. F). The NYSE denied Dalal's request on March 9, 2006. (Razza Decl. Exh. G.)

On October 2, 2006, Dalal served his "complaint" by mail on Goldman Sachs' counsel. (Razza Decl. ¶ 3.) As Dalal described in his "complaint," he sought to "appeal" the Award under the FAA. (Cplt. ¶ 10.) On October 23, 2006, Goldman Sachs filed its Dismissal Motion, treating the "complaint" as a motion under the FAA and responding accordingly.

**ARGUMENT**

**A.    Dalal's Motion Is Time-Barred.**

As described in Goldman Sachs' Dismissal Memorandum, Dalal's motion must be dismissed at the outset because it is barred by the FAA's statute of limitations. The FAA requires that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney *within three months after the award is filed or delivered*." 9 U.S.C. §12 (emphasis supplied). This requirement is "mandatory, and thus, modification motions made beyond three months after the award are time barred." *See Sverdrup Corp.* v. *WHC Constructors, Inc.*, 989 F.2d 148, 151 (4th Cir. 1993).

Here, Dalal's motion is plainly barred. As Dalal acknowledges, the Award was "delivered [to him] via letter on or about December 6, 2005." (Cplt. ¶ 9.) In fact, it was December 7, 2005. (*See* Razza Decl. Exh. B.) Accordingly, Dalal's motion would have been timely only if it had been served on Goldman Sachs or its counsel by March 7, 2006. Dalal did not serve his motion until October 2, 2006, almost ten months

-4-

after the Award was delivered and almost seven months beyond the FAA's limitations period.

Dalal's argument (Cplt. ¶ 36) that his motion should not be barred because he has not received a denial of his Request for Modification executed by the panel (which Dalal never even sought) is utterly meritless. By its express terms, the FAA's statute of limitation runs from delivery of the award the movant seeks to modify, not from denial of any subsequent request for reconsideration.

Dalal asserts in his Motion for Summary Judgment that he is "amending his complaint" to also bring a motion under D.C. Code § 16. (Dalal Motion at p. 14, n. 9.) Dalal's appeal to this statute is unavailing. D.C. Code § 16-4312 contains precisely the same limitations period as the FAA, requiring that any modification motion be brought "within ninety days after delivery of a copy of the award to the applicant... ." *See also Hercules & Co. v. Shama Restaurant*, 613 A.2d 916, 921 (D.C. App. 1992).

**B.    Dalal Has Set Forth No Grounds for Modification.**

Even if Dalal had timely served his motion—which he did not—it would fail because he has set forth no grounds for modification. As numerous courts have made clear, "an arbitrator has broad discretion to devise appropriate remedies." *In re Cole Publishing Co. Inc., v. John Wiley & Sons, Inc.*, No. 93 Civ. 3641, 1994 WL 532898, at *4 (S.D.N.Y. Sept. 29, 1994) (citing *Konkar Maritime Enterprises, S.A. v. Compagnie Belge D'Affretement*, 668 F.Supp. 267, 271 (S.D.N.Y. 1987)). Nothing set forth in Dalal's Motion could possibly constitute grounds for modification.

**1.    There Was No "Manifest Disregard of the Law".**

Dalal first asserts that the Award should be modified because, he contends, the panel manifestly disregarded the law. That is baseless.

The "manifest disregard of the law" doctrine allows modification of an arbitration award only in very narrow circumstances. The very case on which Dalal relies makes clear that review of an arbitration award is "severely limited" and that an award must be confirmed if "any justification can be gleaned from the record." *See Kurke* v. *Oscar Gruss and Son, Inc.*, 454 F.3d 350, 354, 355 (D.C. Cir. 2006). The doctrine—which is judicially created—does not permit "an inquiry into the correctness of the decision, and the 'erroneous application of rules of law is not a ground for vacating an arbitrator's award, nor is the fact that an arbitrator erroneously decided the facts.'" *See Hamilton* v. *Sirius Satellite Radio Inc.*, 375 F. Supp. 2d 269, 273 (S.D.N.Y. 2005) (quoting *Siegel* v. *Titan Indus. Corp.*, 779 F.2d 891, 892-93 (2d Cir. 1985)). Courts are "not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it." *See Merrill Lynch, Pierce, Fenner & Smith, Inc.,* v. *Bobker*, 808 F.2d 930, 934 (2d Cir. 1986). Rather, vacating an award on the ground that it is in manifest disregard of the law is appropriate only in the "'exceedingly rare instance where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply.'" *See Hamilton*, 375 F. Supp. 2d at 274 (quoting *Duferco Int'l Steel Trading* v. *T. Klaveness Shipping A/S*, 333 F.3d 383, 389-91 (2d Cir. 2003)).

Dalal argues that the Award was in manifest disregard of the law because the panel did not award him the value of his RSUs. That is utterly baseless. Indeed, Dalal's assumption—which underlines his entire motion—that the panel's Award even related to his RSU claim is entirely unfounded. The panel may well have based its award on, among other things, Dalal's quantum meruit claim for bonus compensation, determining that $25,000 was the value of the services he provided Goldman Sachs

during the portion of 1999 he was at the firm, or it may have granted Dalal that amount based on Dalal's request for such other relief as the panel "deem[ed] just and proper."[2] Courts "will not look beyond the lump sum award in an attempt to analyze the reasoning process of the arbitrators…" *See Kurt Orban Co.* v. *Angeles Metal Sys.*, 573 F.2d 739, 740 (1978) (citing *Ballantine Books, Inc.* v. *Capital Distrib. Co.*, 302 F.2d 17, 21-22 (2d Cir. 1962)).

Dalal's argument (Dalal Motion p.12) that if the panel based its award on his quantum meruit claim it had some obligation to award him the entire amount he claimed is similarly baseless. Dalal cites no authority for that, and there is none.

### 2.    The Award Did Not Fail To Draw Its Essence From a Contract.

Dalal next asserts that the award should be modified because it "fails to draw its essence from the underlying contract." (Dalal Motion pp. 13-14.) This too is meritless. "'As a matter of law' neither misinterpretation of a contract nor an error of law" is a ground for modification. *See Apex Plumbing Supply, Inc.*, 142 F.3d 188, 193-94 (4th Cir. 1998) (quoting *Farkas* v. *Receivable Fin. Corp.*, 806 F.Supp. 84, 87 (E.D.Va. 1992)). An award fails to draw its essence from an underlying contract only if the arbitrator based the award "on his own personal notions of right and wrong." *See Upshur Coals Corp.* v. *United Mine Workers of America*, 933 F.2d 225, 229 (4th Cir. 1991). There are no grounds for such a conclusion here.

---

[2]     Dalal argues that the NYSE User Guide "clearly provided Mr. Dalal the right to request or receive a reasoned decision… ." (Dalal Motion p.5.) That is wrong. Rather, the Guide provides only that "the parties may *agree to*... have [the] arbitrators issue a reasoned decision rather [than] the traditional type of arbitration award" (NYSE Users Guide p.9). *See also Gilmer* v. *Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (noting that the NYSE Rules do not require written opinions); *see also United Steelworkers of America* v. *Enterprise Wheel and Car Corp.*, 363 U.S. 593, 598 (1960) ("[a]rbitrators have no obligation to the court to give their reasons for an award.").

3.       **There was No Evident Miscalculation.**

Dalal next seeks to invoke D.C. Code § 16-4312(a), which provides for modification "[w]here there was an evident material miscalculation of figures... ." Once again, Dalal is simply proceeding on the baseless premise that the panel was somehow obligated to award him the full value of his RSUs.

Dalal argues that the arbitrators made an "evident material miscalculation of figures" in awarding him $25,000, rather than the $238,000 he sought on his RSU claim. Section 16-4312(a), however, is only "used to correct typographical, clerical, and other obvious errors." *Companhia de Navegaçao Maritima Netumar* v. *Armada Parcel Serv., Ltd.*, No. 96 Civ. 6441, 2000 WL 60200, at *7 (S.D.N.Y. Jan. 25, 2000). *See Ruppert* v. *Deutsche Bank Securities, Inc.*, No. Civ. 04-02255HHK, 2005 WL 1902863, at *1 (D.D.C. July 11, 2005); *Beard* v. *Edward D. Jones & Co.*, No. 57142-7-I, 2006 WL 2469144, at *1 (Wash. App. Div. 1 Aug. 28, 2006). If there is no mathematical error on the face of the award and no computational error that can be clearly inferred, the award will not be altered. *See Hough* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F. Supp. 283, 288 (S.D.N.Y. 1991); *see also Drysdale Design Associates* v. *Frist*, No. 99-7230, 2001 WL 1491350, at **2 (C.A.D.C. Oct. 31, 2001) ("remedy of modification of an 'evident miscalculation of figures' could only apply to mathematical errors appearing *on the face* of the award") (citing *Apex Plumbing Supply, Inc.,* 142 F.3d at 194).

Here, there is absolutely no indication of any miscalculation. Nothing in the record remotely suggests that the panel intended to award Dalal anything other than precisely what the Award states—$25,000. Section 16-4312(a) does not—as Dalal would have it—empower a court to override the intent of the arbitrators. *See Spencer,*

1994 WL 267818, at *1 (S.D.N.Y. June 15, 1994) (award lower than sought "does not, standing alone, constitute a miscalculation).

**C.    Dalal Could Not Assert Claims For "Quantum Meruit" Or "Unjust Enrichment."**

Dalal purports in his motion to bring "a quantum meruit claim, and for the first time, an unjust enrichment claim... ." (Dalal Motion at 15.) To the extent Dalal is asserting quantum meruit and unjust enrichment as bases for modifying the Award, that is unavailing. Dalal does not—and could not—point to any authority for vacating an arbitration award on these grounds.

If Dalal is seeking to assert new claims against Goldman Sachs, he cannot do so in the submission he has made, but rather would have to do so in a properly served complaint. *See* Fed. R. Civ. P. 4. Bringing such claims, however, would be entirely futile, because they would fail on multiple grounds, including:

- The claims would be time-barred. *See* D.C. Code §12-301; N.Y. C.P.L.R. §213.

- The claims would be barred by the doctrine of res judicata, which "serves to bar certain claims in federal court based on the binding effect of past determinations in arbitral proceedings." *Pike* v. *Freeman*, 266 F.3d 78, 90 (2nd Cir. 2001). A "party whose claims have been decided in arbitration may not then bring the same claims under new labels. The same is true of claims that should have been submitted to arbitration, even if they were not actually heard..." *Schattner* v. *Girard, Inc.*, 668 F.2d 1366, 1368 (1981). There can be no doubt that these claims were, or should have been, submitted to the arbitration panel that issued the Award.

- Even if the claims were not time-barred and barred by res judicata, they would be subject to arbitration pursuant to the Uniform Application for Securities Industry Registration or Transfer ("Form U-4") Mr. Dalal executed when he joined Goldman Sachs.  *See* 9 U.S.C. § 3.

## CONCLUSION

Under the applicable statutes of limitation, Dalal's motion is plainly time-barred.  Moreover, for the reasons set forth above, Dalal's motion would fail even if it were timely.  Accordingly, Goldman Sachs respectfully requests that the Court deny Dalal's Motion and dismiss his "Complaint."

Dated:  December 22, 2006
        New York, New York


Of Counsel:


Robin D. Fessel                          Jordan T. Razza
SULLIVAN & CROMWELL LLP                  SULLIVAN & CROMWELL LLP
125 Broad Street                         1701 Pennsylvania Avenue, N.W.
New York, NY 10004-2498                  Washington, D.C. 20006-5805

                                         *Counsel for Goldman, Sachs & Co.*