**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SANDEEP DALAL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 06-1061 (EGS) |
| v. | ) |
|  | ) |
| GOLDMAN SACHS & CO., | ) |
|  | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pro se plaintiff Sandeep Delal brings this case, in the
main, to challenge an arbitration award arising out of an
employment dispute between himself and defendant Goldman, Sachs &
Co. ("Goldman, Sachs").  Currently pending before the Court are
defendant's motion to dismiss the complaint and plaintiff's
motion for summary judgment.  In its motion, defendant argues
that plaintiff's claim under the Federal Arbitration Act ("FAA")
is time-barred and that any other claims should be dismissed for
lack of service.  In his motion, plaintiff argues that he is
entitled to relief as a matter of law on both his arbitration and
common law claims.  Upon consideration of the motions, the
responses and replies thereto, the applicable law, and the entire
record, the Court determines that plaintiff's FAA claim is
time-barred, but that plaintiff's failure to properly serve
process does not warrant dismissal of his remaining claims.

1

Therefore, for the reasons stated herein, defendant's motion to dismiss the complaint is **GRANTED in part and DENIED in part without prejudice**, and plaintiff's motion for summary judgment is **DENIED without prejudice**.

                              **BACKGROUND**

Plaintiff is a former employee of Goldman, Sachs who left the firm in August 1999.  In October 2004, plaintiff filed a Statement of Claim against defendant with the New York Stock Exchange ("NYSE"), claiming that he was contractually owed additional compensation.  The matter was arbitrated over four days in November 2005 before a panel of NYSE arbitrators in Washington, D.C.  On November 25, 2005, the panel issued its award, granting plaintiff $25,000.  The award was sent to the parties on December 7, 2005.

On December 1, 2005, in anticipation of the arbitrators issuing the award, plaintiff requested of the NYSE that his name be removed from the award before it became publically available. Defendant consented to the request, and the NYSE sent the parties a revised version of the award on January 20, 2006.  On February 8, 2006, plaintiff submitted to the NYSE a "Request for Modification of the Award," to which defendant responded on February 22, 2006.  On March 9, 2006, the parties were notified that the panel had denied the request for modification.  Unlike the award, this notification was not signed by the arbitrators.

                                    2

Plaintiff filed his complaint in this Court on June 8, 2006. Several claims in the complaint allege that the arbitration award should be modified for various reasons.  Plaintiff also claims that defendant is directly liable under theories of quantum meruit and unjust enrichment.  In support of his arbitration claims, plaintiff relies on the Uniform Arbitration Act, the FAA, District of Columbia law, and New York law.

According to defendant, plaintiff attempted to effect service by mailing the complaint, using Express Mail, to defendant's counsel, Sullivan and Cromwell, LLP, on October 2, 2006.  Decl. of Jordan Razza ¶ 3.  Defendant's counsel received the complaint on October 3, 2006.  Plaintiff has not disputed this account of the events.  On October 23, 2006, defendant filed its motion to dismiss the complaint.  Defendant argues that unless plaintiff is proceeding under the FAA, his complaint was not properly served under Federal Rule of Civil Procedure 4.  In addition, defendant argues that plaintiff's FAA claim is time-barred and, in the alternative, fails on its merits.

On December 7, 2006, plaintiff filed his motion for summary judgment.  Plaintiff argues that as a matter of law, he is entitled to a modification of the arbitration award under District of Columbia Code section 16 and the common law, and that he is entitled to damages based on his quantum meruit and unjust enrichment claims.

3

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sparrow v. United Air Lines*, Inc., 216 F.3d 1111, 1114 (D.C. Cir. 2000) (citations omitted).  In addition, a complaint will be liberally construed on Rule 12(b)(6) motions. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004). The Court will accept as true all factual allegations in the complaint, and give plaintiff the benefit of all inferences that can be drawn from the facts alleged.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996).  "Moreover, consistent with the leniency afforded pro se plaintiffs, the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable." *Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006).

A party can move the court to dismiss a complaint under Rule 12(b)(5) for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."  *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

4

**ANALYSIS**

**I. Plaintiff's FAA Claim**

Under section 11 of the FAA, "the United States court in and for the district wherein the [arbitration] award was made may make an order modifying or correcting the award upon the application of any party to the arbitration" where there are grounds for doing so.  9 U.S.C. § 11 (specifying statutory grounds for modification).  The FAA contains its own statute of limitations: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  There is no statutory or common law exception to this time limitation.  *Loewen v. United States*, 2005 WL 3200885, at *2 (D.D.C. Oct. 31, 2005).[1]

Defendant contends that plaintiff's FAA claim must be dismissed because the arbitration award was delivered on December 7, 2005, and plaintiff did not send notice of his complaint until October 2006 – far beyond the FAA's three-month deadline. Plaintiff offers two counter-arguments.  First, plaintiff argues that the December 2005 award was not final because it stated that the NYSE would shortly "send the parties a revised award indicating the arbitrators' decision on the claimants' request to

---

[1]  Contrary to plaintiff's argument, District of Columbia law does not determine the statute of limitations for a motion to modify an award under the FAA.  *See id.*

5

withhold his name from the public version of the award." Dec. 2005 Award, Razza Decl., Ex. B, at 1. Under the FAA, "an arbitral award is deemed 'final' provided it evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration, even though the arbitrators purport to retain jurisdiction in the event the need arises to resolve some subsidiary matter . . . ." *Fradella v. Petricca*, 183 F.3d 17, 19 (1st Cir. 1999); *see Loewen*, 2005 WL 3200885, at *3. Under this standard, the December 2005 award was final because it unambiguously resolved all claims submitted in the demand for arbitration and only left unresolved the ministerial issue of plaintiff's request for anonymity. *See Fradella*, 183 F.3d at 19; Dec. 2005 Award at 1-3.

Plaintiff's second counter-argument is that the FAA's statute of limitations is tolled because he timely submitted a request for modification to the arbitrators and no final decision on this request has been made. Plaintiff does not regard the March 2006 notification of the arbitrators' denial of the request final because it was not signed by the arbitrators. Regardless of whether signatures were required, plaintiff's argument fails because, under the FAA, a "party moving for reconsideration of an arbitration award does not toll the running of the limitations period." *Loewen*, 2005 WL 3200885, at *3. Unlike the New York Arbitration Act and other arbitration statutes, the FAA does not

include a provision for submitting motions for reconsideration to the arbitrators, and thus such motions do not toll the FAA's statute of limitations. *Fradella*, 183 F.3d at 20 n.4; *see also* D.C. Code § 16-4309 (specifying a reconsideration procedure similar to New York's). Therefore, the FAA's statute of limitations began running with the award issued in December 2005 and expired before plaintiff notified defendant's counsel in October 2006. Accordingly, plaintiff's claim under the FAA must be dismissed as time-barred.[2]

## II. Plaintiff's Remaining Claims

In its motion to dismiss, defendant contends that plaintiff's complaint, to the extent it includes claims other than under the FAA, was not properly served under Rule 4. Construed broadly, plaintiff has certainly raised claims other than under the FAA. Defendant states that service was improper because it was effected by mail and was made upon defendant's counsel. Plaintiff correctly states that service by means of

---

[2] One issue not discussed by the parties is whether the FAA is inapplicable in any event because of a choice-of-law provision in the underlying employment contract. If a contract includes a choice-of-law provision, then a particular state's arbitration law, instead of the FAA, may govern a petition to modify an arbitration award in federal court. *See Ekstrom v. Value Health, Inc.*, 68 F.3d 1391, 1395-96 (D.C. Cir. 1995); *Int'l Tech. Integration, Inc. v. Palestine Liberation Org.*, 66 F. Supp. 2d 3, 9-10 (D.D.C. 1999). State law may also determine the applicable statute of limitations. *See Ekstrom*, 68 F.3d at 1395. As this issue was not raised, the Court will not pursue it further.

registered or certified mail is allowed under Rule 4 because it incorporates the District of Columbia Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1), (h)(1); *Lennon v. McClory*, 3 F. Supp. 2d 1461, 1462 (D.D.C. 1998). Plaintiff's service, however, was still inadequate because it was made upon defendant's counsel. There being no indication that defendant's counsel was an agent authorized to receive process on defendant's behalf, service upon defendant's counsel was not sufficient to serve the defendant under Rule 4(h). *See Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 87-89 (D.D.C. 2004).[3]

Under Rule 4(m), the 120 days for service of process has elapsed and plaintiff has not established any good cause for his failure to serve. Because plaintiff is proceeding pro se and dismissal at this stage likely time-bars his remaining claims, however, the Court exercises its discretion to allow extra time for plaintiff to properly effect service. *See id.* at 89-90. Thus, the Court denies without prejudice the motion to dismiss with regard to the non-FAA claims and directs plaintiff to perfect service by no later than July 6, 2007. Because

---

[3] Although the general rule is that a court should not consider a Rule 12(b)(6) motion if service has not been properly effected, *see id.* at 89 n.2, the Court evaluated plaintiff's FAA claim because the FAA contains an exception to the standard rules of service, which plaintiff complied with. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be *served upon the adverse party or his attorney* . . . ." (emphasis added)).

plaintiff's non-FAA claims have not been properly presented to defendant, the Court denies without prejudice plaintiff's motion for summary judgment because it is premature. *See id.* at 89 n.2.

## CONCLUSION

The Court concludes that plaintiff's FAA claim is time-barred, but that plaintiff's failure to properly serve process does not warrant dismissal of his remaining claims. Therefore, defendant's motion to dismiss is **GRANTED in part**, with regard to the FAA claim, and **DENIED in part without prejudice**, with regard to all other claims. Plaintiff is directed to perfect service by no later than July 6, 2007. Finally, plaintiff's motion for summary judgment is **DENIED without prejudice** because it was prematurely made before the defendant had been properly served. An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan
            United States District Judge
            May 7, 2007**