RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 JUL 13 AM 8:11

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

NANCY M. WHITTINGTON
CLERK

Case # 06-CV-1061-EGS
Appealed From New York Stock Exchange
Arbitration Case #2004-015821

**SANDEEP DALAL**
*Plaintiff ("Mr. Dalal")*

v.

**GOLDMAN, SACHS & CO.**
*Defendant ("Goldman")*

---

**PLAINTIFF'S RULE 59 MOTION SEEKING REVERSAL OF DISMISSAL OF PART OF THE COMPLAINT**

---

**RECEIVED**

JUL 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Submitted By:
Sandeep Dalal
*Pro Se*
2111 Wisconsin Avenue, NW
Washington, DC 20007
Telephone:  (202) 342-1205

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of July, 2007, he served a true and correct copy of the foregoing Plaintiff's Rule 59 Motion in the Civil Action # 06-CV-1061-EGS, as follows:

Clerk's Office
US District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001
(202) 354-3000
(By Hand Delivery: x1 Chamber's Copy; 1x Clerk's Original)

GOLDMAN SACHS & CO.
C/o Lloyd Blankfein
85 Broad Street
New York NY 10004
(202) 902-1000
(By US Mail: x1 Copy)

GOLDMAN SACHS & CO.
C/o Jordan T. Razza
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, DC 20006-5805
(202) 956-7500
(By US Mail: x1 Copy)

Signed By
Sandeep Dalal
*Pro Se*
2111 Wisconsin Avenue, NW
Washington, DC 20007
(202) 342-1205

# TABLE OF CONTENTS

SUMMARY OF THE ARGUMENTS................................................1

ARGUMENT I:
CONTROLLING CASE LAW CANNOT BE WAIVED; THAT LAW
HOLDS THAT WHEN THERE IS A CHOICE-OF-LAW PROVISION,
TIMELINESS IS DETERMINED IN ACCORDANCE WITH THAT
LAW, EVEN IF THE OUTCOME STANDS CHANGED OR THE
MATTER COVERS INTERSTATE COMMERCE..............................2

IA.  When there is a choice-of-law provision in a contract subject to arbitration, timeliness is a question to be determined in conformance to applicable state law, not the FAA ..................2

IB.  This Court makes a double error of law, for it not only rejected controlling law but accepted a legal theory that is unavailing and inapplicable to the facts of this dispute .............................. 4

IC.  This court is obligated to apply the correct legal principle, especially when its own legal theory is unavailing and the choice-of-law provision triggering application of the correct law was made known to this Court by Mr. Dalal's Response Motion ... 4

ARGUMENT II:
DISPUTE DOES NOT RELATE TO INTERSTATE COMMERCE,
OR TO A SECURITIES TRANSACTION, OR TO A BROKERAGE
CONTRACT, OR TO THE EMPLOYMENT OF A BROKER,
BUT TO A PRIVATE CONTRACT WITH A CHOICE-OF-LAW
PROVISION OF NEW YORK LAW, SO APPLICATION OF FEDERAL
LAW IS NEITHER INEVITABLE NOR APPROPRIATE...................6

ARGUMENT III:
NEW YORK CASE LAW ON ARBITRATION CLEARLY TOLLS
THE 90-DAY LIMITATIONS PERIOD PER NASSAU INS. CO. V.
JIMINEZ..........................................................................................7

## TABLE OF CONTENTS (CONT'D)

# TABLE OF AUTHORITIES

*Volt Information Sciences, Inc. v. Leland Stanford Jr. Univ.,
    489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)...............2, 3

*Ekstrom v. Value Health, Inc., 68 F. 3d 1391, 1395-96
    (DC Cir. 1995) ..................................................................3, 6

Perry v. Thomas, 482 U.S. 483, 490-91 (1987) (As cited by Ekstrom)....... 3

*Smith Barney, Harris Upham & Co. v. Luckie, 85 N.Y.2d 193,
    623 N.Y.S.2d 800, 647 N.E.2d 1308 (1995)................................3

Loewen v. United States, 2005 WL 3200885...............................4, 6, 8

*Nassau Ins. Co. v. Jiminez (1982, Sup) 116 Misc 2d 908,
    456 NYS2d 654 (as cited in 5 NY Jur 2d §195 Commencement
    and tolling of statutory period)................................................7, 8

Terwilliger v. Terwilliger, 206 F. 3d 240, 246..................................................8

Mr. Dalal respectfully submits this Rule 59 Motion ("this motion") seeking reversal of the decision dated May 7, 2007 ("the Opinion") by the honorable US District Court for the District of Columbia ("this Court") dismissing one part of his Complaint.

## SUMMARY OF ARGUMENTS

(I) Controlling law holds that when there is a choice-of-law provision, that state law determines questions of timeliness, not the FAA, and which determination is unaffected even when the dispute concerns interstate commerce or a right under a Federal Law. Furthermore, the case precedent relied upon by this Court is unavailing. It stands for the unremarkable proposition that a dispute involving transnational parties in a claim arising under an international treaty, and appealed from a transnational arbitration forum, with no reference to state law, must proceed under the FAA.

(II) In any event, only two counts of the Complaint reference the FAA, and those too do not do so exclusively but instead rely on other laws as well. Therefore, so long as this Court deems some part of the Complaint to be timely, and permits this matter to proceed to trial, Mr. Dalal shall have the opportunity to provide appropriate legal theories of recovery for each count of the Complaint. No count is *exclusively* derived from Federal Law.

(III) Mr. Dalal's reliance on New York Law is not at all academic, but stands to change the Opinion, for it provides for tolling the limitations period for requests for modification.

(IV) This Court has made an obvious but costly error of fact, for the request for modification was not a request for anonymity at all (which request had already been granted by January 2006), but instead a material, non-ministerial and non-subsidiary request for a dollar increase in the award. Appendix A makes that point clearly.

(V) Although Mr. Dalal has complied with the request to reissue summons directly to

Goldman Sachs, and done so by July 6, 2007, he must challenge the error of that order too, for reasons set forth below.

### ARGUMENT I. CONTROLLING CASE LAW CANNOT BE WAIVED; THAT LAW HOLDS THAT WHEN THERE IS A CHOICE-OF-LAW PROVISION, TIMELINESS IS DETERMINED IN ACCORDANCE WITH THAT LAW, EVEN IF THE OUTCOME STANDS CHANGED OR THE MATTER COVERS INTERSTATE COMMERCE

#### IA. When there is a choice-of-law provision in a contract subject to arbitration, timeliness is a question to be determined in conformance to applicable state law, not the FAA

Controlling law holds that when there is a choice-of-law provision set forth in a contract, that state law determines questions of timeliness, not the Federal Arbitration Act (the "FAA), even if the claim is found to relate to interstate commerce or to a right under Federal law. The US Supreme Court has held, and courts have thereafter applied, even in decisions binding on this Court, that the application of state law to the question of statute of limitations does not conflict with the FAA but advances its primary goal of encouraging arbitration through private agreements. The only conceivable context in which the FAA inevitably applies would be one in which the substantive law, namely New York's, gave no right to challenge an arbitration award, but that is not the context at all.

This Court was never in doubt that the contract among the parties has a clear choice-of-law provision, specified in both parties' motions as New York Law.[1] That choice of New York Law is not overwhelmed by the FAA. As held by the US Supreme Court in *Volt Information Sciences, Inc. v. Leland Stanford Jr. Univ.*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 *(1989)*, and interpreted thereafter in opinions binding on this Court, the application of state law is

---

[1] Here Mr. Dalal includes the full citation (with no emphasis added, for it was originally set in BOLD/ ALL CAPS therein, *1999 Formula RSU Award Areement at 6*, included as Appendix B):
> THIS AWARD SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS

2

not inimical to the goals of the FAA but instead supportive of its goal to further arbitrations through private agreement. To quote the apex court:

> "There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate. Interpreting a choice-of-law clause to make applicable state rules governing the conduct of arbitration—rules which are manifestly designed to encourage resort to the arbitral process—simply does not offend the rule of liberal construction set forth in Moses H. Cone, nor does it offend any other policy embodied in the FAA" (at 476)…"The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration"…"Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit…**Where, as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA**" (at 479).

None of that is controversial for this Court, which has already cited *Ekstrom v. Value Health, Inc., 68 F. 3d 1391, 1395-96 (DC Cir. 1995)* to reach the same conclusion, even on the issue of statute of limitations. In that case, Chief Judge Harry T. Edwards of the DC Court of Appeals noted that under the District of Columbia's choice of law provisions, the substantive law of the state applies, based on the choice of law provision in the parties' agreement, and that the FAA did not preempt state law on statute of limitations because that state law did not conflict with "the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms." *Id.* [Volt]; see also *Perry v. Thomas, 482 U.S. 483, 490-91 (1987)*." (*Esktrom, as cited*). Mr. Dalal pleads this Court not overlook binding precedent.

Not only has the DC Court of Appeals applied the US Supreme Court's decision in a case of its own but also so has the New York Court of Appeals. Although that decision is not binding on this Court, it is cited here because the substantive law is New York's. The case was *Smith Barney, Harris Upham & Co. v. Luckie, 85 N.Y.2d 193, 623 N.Y.S.2d 800, 647 N.E.2d 1308 (1995)*, in which the court, having determined that the parties had selected New York Law, determined that it was not preempted by the FAA, the case of course citing *Volt*. Furthermore,

3

that court explicitly focused on the need to recognize the split in authority post-Volt over the issue of preemption, and the need to reject the line of cases favoring the FAA because those cases generally relied on pre-Volt case law.

**IB. This Court makes a double error of law, for it not only rejected controlling law but accepted a legal theory that is unavailing and inapplicable to the facts of this dispute**

Even more erroneously, this Court's application of the FAA relies on a precedent that is unavailing. Mr. Dalal humbly posits that the Opinion's reliance on *Loewen v. United States, 2005 WL 3200885* **stands for the unremarkable proposition that two transnational parties, one of which is the Federal government of this country, when placed in a dispute arising under an international treaty (namely the North Atlantic Free Trade Agreement) and arbitrated before the World Bank's International Centre for Settlement of Investment Disputes (established under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States) must proceed under the FAA.** Furthermore, this Court cited still more precedents from that case, doing which was not only wrong but likely the temptation that caused this Court to make errors of fact too (as set forth in Argument IV).

**IC. This court is obligated to apply the correct legal principle, especially when its own legal theory is unavailing and the choice-of-law provision triggering application of the correct law was made known to this Court by Mr. Dalal's Response Motion**

Mr. Dalal directed this Court's attention to the choice-of-law provision of the agreement between the parties, and did so both in his Complaint and in his two motions.[2] His response was thus contextually, factually and legally sufficient. This Court certainly acknowledged awareness

---

[2] The Complaint refers to New York Law on pages 5, 6, 9, 10 and 13, and in each of the counts two through six. It also clearly stated: "In terms of the choice of law, the contract sets forth New York law." *(Paragraph 35 at 11)*. Mr. Dalal's response to Goldman's motion to dismiss is similarly rich with references to "NY Law" on the question of service and timeliness and to "New York Law" on the question of which law sources the remedy. Also: "Equally truly, the only instance in which Goldman wrote the contract in 'Bold/ All Caps' style was in reference to New York law." (*Complaint at 7*).

4

of the same, even citing *Ekstrom*. Yet it refused to apply its own legal principle, on the grounds that it was not an argument set forth by either party. Mr. Dalal humbly points to clear errors in that refusal.

Firstly, the individual rules of a court can never relieve it of the obligation to correctly identify and apply relevant law. That is especially so since this Court was aware of the choice-of-law provision in the underlying agreement—the only fact needed for the correct law to apply.

Secondly, Mr. Dalal had emphasized in his motions that there was no exclusive FAA Claim in his Complaint.[3] The two counts of the Complaint which mention the FAA also cite other laws. As such, there was no reason to presume any remedy to be exclusively derived from a right under the FAA. While it is true that Goldman had made a conditional, 'if-then' argument on the purported FAA claims, and that therefore there was an increased possibility that the FAA may be applied, Mr. Dalal met his burden at the time of response when he repeatedly stated that he was making no claim that was exclusively an FAA claim. Also, while it is true that Mr. Dalal expected this Court to consider the timeliness question to be procedural, and hence determined by DC Law, he still never failed to mention New York Law as the choice of law.[4]

In other words, Mr. Dalal relied on the only two scenarios that were plausible: that timeliness would be determined as a procedural matter, and if not, the substantive law of New York would be applied. There was no reason to make any more arguments against the

---

[3] Mr. Dalal's *response memorandum* to Goldman's motion to dismiss stated that "Goldman is incorrect in asserting that service by mail turned Mr. Dalal's Complaint to a motion under FAA," that "Goldman has mischaracterized the Complaint as an FAA motion to bolster its argument that Mr. Dalal's filing is time barred," that "Goldman should not prevail on the technical argument that service was not effected...and that therefore the Complaint is an FAA motion (which it is not)."

[4] "In terms of the choice of law, the contract sets forth New York law. While the substantive law is ***contractually set forth as New York's***, Mr. Dalal notes that courts in the District of Columbia typically apply DC Law as the procedural law." (*Add. Emph. Complaint at 11*).

5

application of the FAA. That is so for two reasons. One, this Court's reliance on *Loewen v. United States, 2005 WL 3200885* is clearly unavailing (for reasons detailed later). Two, the analysis this Court has set forth to apply the FAA was not argued by either party either, except as a conditional argument by Goldman, and if this Court does not wish to consider law not set forth by any party, it must do so in this context too.[5] That is especially so because this Court has set a legal theory that runs afoul of Judge Edward's finding in *Ekstrom*, that the FAA preempts state law only if it conflicts with the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced **according to their terms** (see citation earlier). In sum, Mr. Dalal pleads the principle that no party should be expected to contemplate any and all contingencies arising out of errors of law or errors of fact, and in this context, both.

**ARGUMENT II. DISPUTE DOES NOT RELATE TO INTERSTATE COMMERCE, OR TO A SECURITIES TRANSACTION, OR TO A BROKERAGE CONTRACT, OR TO THE EMPLOYMENT OF A BROKER, BUT TO A PRIVATE CONTRACT WITH A CHOICE-OF-LAW PROVISION OF NEW YORK LAW, SO APPLICATION OF FEDERAL LAW IS NEITHER INEVITABLE NOR APPROPRIATE**

Irrespective of how this Court determines Argument I, the FAA still cannot be applied, because Mr. Dalal has set forth no claim exclusively arising out of Federal Law, and therefore, there is no exclusively FAA Claim in his Complaint. Every count of the Complaint has at least one other law relied upon. The dispute does not relate to interstate commerce, does not relate to a securities transaction, does not relate to a brokerage contract or to the employment of a broker. The underlying agreement is not even an employment contract, although that was the erroneous

---

[5] This Court itself noted the conditional, if-then argument Goldman made: "Defendant [Goldman] argues that unless plaintiff is proceeding under the FAA, his complaint was not properly served..." (*Opinion dated May 7 2007 at 3*). Nowhere did Goldman set forth case law that applies the FAA irrespective of the choice-of-law provision.

6

conclusion of this Court.[6] If the right does not arise out of the FAA, the remedy cannot be deemed to be unavoidably rooted in the FAA.

The certainty with which this Court deemed part of the Complaint to be an FAA Claim exclusively (although it fails to mention which part) raises the possibility that it erroneously presumes one or more claims to be exclusively derived from Federal Law. Perhaps, alternatively, this Court relied on the argument that the parties' agreement to arbitrate inevitably subjects this matter to the FAA, but then too it offends the US Supreme Court's determination that the FAA has no preemptive provisions and was never intended to occupy the entire field of arbitration. It would certainly make moot state arbitration laws on the question of timeliness.[7] Thus even without the obvious problem with *Loewen*, this Court cannot apply the FAA, for each count of the Complaint has alternative theories of recovery, and most make no mention of the FAA at all.

### ARGUMENT III. NEW YORK CASE LAW ON ARBITRATION CLEARLY TOLLS THE 90-DAY LIMITATIONS PERIOD PER *NASSAU INS. CO. V. JIMINEZ*

Mr. Dalal's reliance on state law is not at all academic, for it stands to change the Opinion. New York case law clearly holds that the arbitration decision dated March 9, 2006 superceded the prior award dated December 7, 2005, which is especially so because Mr. Dalal's Motion for Reconsideration dated February 8 2006 was deemed timely by the NYSE. New York Law provides for extinguishment of all timely motions before the 90-day period begins to run. Per *Nassau Ins. Co. v. Jiminez (1982, Sup) 116 Misc 2d 908, 456 NYS2d 654*, the decision taken by the arbitration panel upon a request for modification supersedes the original decision and is to

---

[6] This Court described the agreement as an "underlying employment contract" (*Opinion at 7*), which it explicitly is not. Instead, it is a private contract about vested stock, no more.

[7] To be sure, the only reason this matter was brought to a Federal Court was because the amount involved is greater than $75,000 and because the arbitration proceeding was held in Washington, DC. Neither fact *per se* triggers the application of Federal Law, not unless the claim specifically arises out of the FAA, which it does not.

7

be considered the final award made. To cite *5 NY Jur 2d §195 Commencement and tolling of statutory period*, Mr. Dalal's Complaint was timely **"if made within 90 days of the delivery of the arbitrator's modified decision, since the modified decision supercedes the original decision and is the final award."** The Nassau decision is footnoted therein in 5 NY Jur 2.

### *ARGUMENT IV*: CONTRARY TO THIS COURT'S FINDING, THE REQUEST FOR MODIFICATION MADE NO MENTION OF ANONYMITY BUT CLEARLY SOUGHT A MATERIAL INCREASE IN THE AWARD, CREATING A CLEAR ERROR OF FACT

Whether New York Law or the FAA is deemed to apply, dismissal is not warranted because the Opinion relies on an error of fact, having totally mischaracterized Mr. Dalal's Request for Modification to be a "request for anonymity" (*Opinion at 6*) when in fact it was a timely <u>and</u> material motion for an increase in the award, one neither 'ministerial' nor 'subsisiary' under the *Loewen* standard. That is made obvious by Appendix A. This Court thus committed an error of fact in concluding that the "December 2005 Award was final because it unambiguously resolved all claims...and only left unresolved the ministerial issue of plaintiff's request for anonymity" (*Opinion at 6*). **Quite to the contrary, anonymity was resolved by the January 20, 2006 decision, and Mr. Dalal's subsequent Request for Modification on February 8, 2006 and the arbitration panel's decision on March 9 2006 dealt with a revision of the award that was neither ministerial nor subsidiary.** To quote:

> "I make the request on the strength of well-settled New York law, which provides that a party injured by a breach of contract is entitled to that amount of damages necessary to place the party in as good a position as it would have been in had the other party fully performed the contract. *(See Terwilliger, 206 F.3d at 248)*."

In fact, nowhere in the request of Feb 8 2006 is there any mention of the request for anonymity, only the request for a dramatic increase in the amount of the award. That error in turn allowed this Court to borrow again from *Loewen*'s citation of the *Fradella* decision, a misplaced citation because the context to which it is applied is an error of fact.

8

*ARGUMENT V*: **THIS CASE IS AN APPEAL OF AN ARBITRATION, SO SERVICE TO COUNSEL WAS PROPER, A POINT MADE EVEN THOUGH MR. DALAL HAS COMPLIED WITH THE ORDER NONETHELESS AND REISSUED SUMMONS**

Although Mr. Dalal has complied with the request to reissue summons directly to Goldman Sachs, and timely done so by July 6, 2007, he must challenge the error of that order too (if only because an error may be found in his recent re-issuance of the summons and he may need to fall back on the prior service). Specifically, New York Law requires that if a party has a counsel hired for an ongoing litigation, that counsel is the contact person for all communications. This Court ignored the fact that this litigation is an ongoing litigation, one that arises as an appeal of an arbitration and not as an original litigation. Surely, Mr. Dalal had knowledge of who counsel was, and complied with New York Law governing the parties.

## SUMMARY

For all the reasons set forth above, the Opinion should be reversed. Here Mr. Dalal notes the big picture point that if the dispute proceeds to trial for any count of the Complaint, he shall retain the right to amend his Complaint to add a new claim (subject only to the discretion of this Court) and to refine any of his legal theories of recovery in his memorandum of law. That due process should not be truncated, for it leads to errors of law and fact, as made evident by this Motion, and also because the trial is likely to be short and speedy too.

July 12th 2007

Respectfully Submitted,

*/s/ Sandeep Dalal*
BY SANDEEP DALAL
PLAINTIFF, *PRO SE*

COPY TO GOLDMAN SACHS & CO.
AND ITS COUNSEL SULLIVAN & CROMWELL

VIA EMAIL AND MAIL

2111 Wisconsin Avenue, NW
Washington, DC 20007
(202) 342-1205 | sandeep@post.harvard.edu

February 8, 2006

| | | |
|---|---|---|
| Mr. David Carey | Cc: | Mr. Robin Fessel |
| NYSE Arbitration Department | | Sullivan & Cromwell |
| 20 Broad Street - 5th Floor | | 125 Broad Street |
| New York, NY 10005 | Fax (212) 656-2727 | | New York, NY 10004 | Fax (212) 558-3588 |

RE: REQUEST FOR MODIFICATION OF AWARD

Dear Mr. Carey:

    Thank you very much for your fax of January 20, 2006, delivering to me the revised award on the matter #2004-015821 *Sandeep Dalal v. Goldman Sachs*. This completes the task alluded to in your fax of December 5, 2005, which left for later a revision to the award.

    Therefore, pursuant to procedures set forth in the NYSE's *Arbitration Procedures: January 2001*, I submit this request to modify the amount of the award made to me.[1] As required by those rules, I am not seeking a revision of the award, merely a modification of it. I make the request on the strength of well-settled New York law, which provides that a party injured by a breach of contract is entitled to that amount of damages necessary to place the party in as good a position as it would have been in had the other party fully performed the contract. (See *Terwilliger, 206 F.3d at 248*). The contract is clear on that score and the honorable arbitrators must award me no less than 2,123 shares of Goldman Sachs (or cash in the amount of $301,466). Furthermore, as requested in my Statement of Claim, I am owed interest. Under New York Law, pre-judgment interest is normally recoverable as a matter of right in an action at law for breach of contract (*Graham v. James, 144 F.3d at 239*), which all would agree accrues at 9%. I am therefore owed an additional 67% of the original award, which is 1,437 shares or $204,092.

    Therefore, consistent with the award in favor of Sandeep Dalal, and well settled New York law, Dalal is owed 3,560 shares of Goldman Sachs, or cash in the amount of $505,558. Alternatively, it would be a manifest disregard of applicable law for the honorable arbitrators to award an amount less than the greater of the two. The current award certainly is.

Sincerely submitted,

*Sandeep Dalal*

Sandeep Dalal

---

[1] To quote from the NYSE *Arbitration Procedures: January 2001*: "This authority is derived from the arbitration laws...that allow a party to request a modification of award, typically within 20 days after the award was issued. New York's arbitration law is a good illustration of the award modification process. Under Section 7509 of the New York Civil Practice Law and Rules, a party must request modification of an award in writing, within 20 days after delivery of the award. This request is sent to the SRO administrator, and to the other parties, who have 10 days to reply. After the other parties reply (or the 10-day period expires), the arbitrators have 30 days to act on the modification request. The arbitrators will either deny the request to modify their award, or issue a written modification of their award...every state arbitration law allows courts to correct such technical mistakes in awards."

Paragraph 15(b). You and the Firm undertake not to commence any action arising out of or relating to or concerning this Award Agreement in any forum other than a forum described in this Paragraph 15. You and the Firm agree that, to the fullest extent permitted by applicable law, a final and non-appealable judgment in any such suit, action or proceeding in any such court shall be conclusive and binding upon you and the Firm.

(d)  You irrevocably appoint the General Counsel of GS Inc. as your agent for service of process in connection with any action or proceeding arising out of or relating to or concerning this Award Agreement which is not arbitrated pursuant to the provisions of Paragraph 15(a), who shall promptly advise you of any such service of process.

(e)  You hereby agree to keep confidential the existence of, and any information concerning, a dispute described in this Paragraph 15, except that you may disclose information concerning such dispute to the arbitrator or court that is considering such dispute or to your legal counsel (provided that such counsel agrees not to disclose any such information other than as necessary to the prosecution or defense of the dispute).

(f)  You recognize and agree that prior to the grant of this Award you have no right to any benefits hereunder. Accordingly, in consideration of the receipt of this Award, you expressly waive any right to contest the amount of this Award, terms of this Award Agreement, any determination, action or omission hereunder or under the Plan by the Committee, GS Inc. or the Board, or any amendment to the Plan or this Award Agreement (other than an amendment to which your consent is expressly required by Paragraph 14).

16. <u>Governing Law</u>. **THIS AWARD SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS.**

17. <u>Headings</u>. The headings in this Award Agreement are for the purpose of convenience only and are not intended to define or limit the construction of the provisions hereof.

IN WITNESS WHEREOF, GS Inc. has caused this Award Agreement to be duly executed and delivered as of May 7, 1999.

THE GOLDMAN SACHS GROUP, INC.

By: _____
Name: Robert J. Katz
Title: Executive Vice President