UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------x
                                  :
SANDEEP DALAL,                    :
                                  :
            Plaintiff,            :
                                  :
      v.                          :   No.: 06-1061-EGS
                                  :
GOLDMAN, SACHS & CO.,             :
                                  :
            Defendant.            :
                                  :
----------------------------------x

**MEMORANDUM OF GOLDMAN, SACHS & CO.
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

*Counsel for Defendant,
Goldman, Sachs & Co.*

TABLE OF CONTENTS

PRELIMINARY STATEMENT ..............................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT........................................................................................................................3

      A.  The Standard of Review..................................................................................4

      B.  The Complaint is Barred By the Doctrine of Res Judicata...............................4

      C.  The Complaint is Time-Barred ........................................................................6

CONCLUSION.....................................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Aboudaram* v. *de Groote*,
  No. 05-988, 2006 WL 1194276 (D.D.C. May 4, 2006) .................................................. 4

*Constr. Interior Sys., Inc.* v. *Donohoe Co., Inc.*,
  813 F.Supp.29 (D.D.C. 1992) ......................................................................................... 6

*Diamond* v. *Davis*,
  680 A.2d 364 (D.C. 1996) .............................................................................................. 4

*Goodwin* v. *Brethern Mut. Ins. Co.*,
  No. 93-1993, 1994 WL 324255 (D.D.C. June 15, 1994) ............................................... 4

*Lee* v. *Wolfson*,
  256 F.Supp.2d 14 (D.D.C. 2003) .................................................................................... 4

*Mitchell* v. *U.S.*,
  No. 05-0916, 2007 WL 148781 (D.D.C. Jan. 16, 2007) ................................................ 4

*R.B. Ventures, LTD.* v. *Shane*,
  No. 5678, 2000 WL 12118 (S.D.N.Y. Jan. 7, 2000) ...................................................... 6

*Sanders* v. *Washington Metro. Area Transit Auth.*,
  819 F.2d 1151 (D.C. Cir. 1987) ...................................................................................... 5

*Schattner* v. *Girard, Inc.*,
  668 F.2d 1366 (D.C. Cir. 1981) ...................................................................................... 5

*Wise* v. *Glickman*,
  257 F.Supp.2d 123 (D.D.C. 2003) .................................................................................. 5

## STATUTES AND RULES

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 4

N.Y. C.P.L.R. 213(2) ............................................................................................................... 6

DC Code §12-301(7) and (8) ................................................................................................... 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------x
SANDEEP DALAL,                :
                              :
            Plaintiff,        :
      v.                      :   No.: 06-1061-EGS
                              :
GOLDMAN, SACHS & CO.,         :
                              :
            Defendant.        :
                              :
------------------------------x

## MEMORANDUM OF GOLDMAN, SACHS & CO. IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant, Goldman, Sachs & Co. ("Goldman Sachs"), respectfully submits this memorandum in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint of plaintiff, Sandeep Dalal ("Dalal").

PRELIMINARY STATEMENT

In its May 17, 2007 Memorandum Opinion ("Opinion"), the Court granted Goldman Sachs' motion to dismiss Dalal's Federal Arbitration Act ("FAA") motion to modify the November 25, 2005 Award ("Award") issued by a panel of New York Stock Exchange ("NYSE") arbitrators. In its Opinion, however, the Court noted that the complaint Dalal had filed in June 2006 (which Dalal did not properly serve on Goldman Sachs but which the firm treated as a motion under the FAA) might, if "construed broadly," assert claims in addition to an FAA motion. Accordingly, the Court allowed Dalal additional time to properly serve his complaint, which Dalal has now done.

The complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) because, even assuming that it does assert additional claims (Dalal himself

1

has indicated the contrary, consistently referring to the complaint as an "appeal" from the arbitration Award), the complaint is barred on two independent grounds: first, it is barred by the doctrine of res judicata, because the sole claim in the complaint that was not in the Statement of Claim -- unjust enrichment -- is nothing but a restatement of other claims Dalal brought in the arbitration; and second, the complaint is barred by the applicable statutes of limitation.

## BACKGROUND

Dalal was an employee of Goldman Sachs in the firm's New York office until August 1999. In October 2004, more than five years after he left the firm, Dalal filed a Statement of Claim against Goldman Sachs with the NYSE asserting a variety of causes of action and claiming that he was entitled to: (a) $238,000 for so-called Restricted Stock Units ("RSUs"), which he forfeited under the terms of the governing documents by competing with Goldman Sachs after he left; (b) a pro-rated bonus in the amount of $375,000 for his work during the portion of 1999 he was at Goldman Sachs; and (c) unspecified punitive damages. (*See* Declaration of Jordan T. Razza dated October 23, 2006 ("Razza Decl.") Exh. A.)

Dalal's claims were arbitrated over four days, from November 1, 2005 to November 4, 2005, before a panel of NYSE arbitrators in Washington, D.C. (where Dalal had moved after leaving Goldman Sachs). On November 25, 2005, the panel issued its Award, granting Dalal $25,000, but otherwise denying Dalal's claims. (*See* Razza Decl. Exh. B.)

Almost a year later, on October 2, 2006, Dalal served what he styled a "complaint" on Goldman Sachs' counsel. (Razza Decl. ¶ 3.) Goldman Sachs treated the "complaint" as a motion to modify under the FAA, and on October 23, 2006 moved to

dismiss it as time-barred under the FAA's three-month statute of limitations. As Goldman Sachs noted in its motion, if Dalal were actually seeking to file a complaint it had not been properly served under Fed. R. Civ. P. 4, which unlike the FAA requires service on the defendant itself, not merely on its counsel.

On May 17, 2007, the Court issued its Opinion granting Goldman Sachs' motion to dismiss. The Court noted, however, that "construed broadly," Dalal's complaint contained claims in addition to a motion to modify under the FAA. (Opinion at 7.) Although the Court ruled that Dalal had failed to properly serve his complaint within the time required by Fed. R. Civ. P. 4(m), because Dalal is proceeding pro se the Court permitted him additional time to perfect service. (*Id.* at 8)

ARGUMENT

Dalal's complaint should be dismissed in its entirety. The first four of the six Counts in the complaint on their face seek to modify the Award, and have thus already been dismissed by the Opinion. To the extent the remaining two Counts -- asserting theories of quantum meruit and unjust enrichment -- are not simply additional (unavailing) attempts to modify the Award, they are barred both by the doctrine of res judicata and by the applicable statutes of limitation.

The grounds for dismissal are described further below. At the outset, however, Goldman Sachs notes that, although the Court stated in its Opinion that the complaint "broadly construed" might contain new claims, Dalal himself has repeatedly acknowledged that his complaint does *not* assert any new claim, but rather only seeks to modify the Award. The Cover Sheet Dalal filed with his complaint in June 2006 stated that the proceeding was an "arbitration appeal," and noted that the "Federal Arbitration Act provides for appeal of NYSE arbitration." (Razza Decl. Exh. A.) Moreover, even

3

after the Court issued its Opinion, Dalal reiterated that he was only seeking to modify the Award, stating in correspondence with Goldman Sachs' counsel that "this is really an 'appeal,' not an initial case... ." (Declaration of Jordan T. Razza dated July 24, 2007 Exh. A.)

The Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted," including where: (1) the claims are barred by res judicata, *see Mitchell* v. *U.S.*, No. 05-0916, 2007 WL 148781, at *2 (D.D.C. Jan. 16, 2007) (res judicata may "be raised via a Rule 12(b)(6) motion to dismiss for failure to state a claim where the defense can be established from the face of the complaint, matters fairly incorporated within it, and matters susceptible to judicial notice"); and (2) the claims are time-barred, *see Goodwin* v. *Brethern Mut. Ins. Co.*, No. 93-1993, 1994 WL 324255, at *1 (D.D.C. June 15, 1994). ("It is appropriate to dismiss a complaint under Rule 12(b)(6) if it is apparent from the face of the complaint that the statute of limitations has run on the asserted cause of action.").

Motions on these grounds present pure questions of law for the Court. *See Aboudaram* v. *de Groote*, No. 05-988, 2006 WL 1194276, at *4 (D.D.C. May 4, 2006). ("The issue of whether or not res judicata applies in a given situation is a question of law"); *Lee* v. *Wolfson*, 256 F.Supp.2d 14, 19 (D.D.C. 2003) (quoting *Diamond* v. *Davis*, 680 A.2d 364, 370 (D.C. 1996)) (for res judicata purposes, what "constitutes the accrual of a cause of action is a question of law...").

The Complaint is Barred By the Doctrine of Res Judicata

Under the doctrine of res judicata, "a party whose claims have been decided in arbitration may not then bring the same claims under new labels. The same is

4

true of claims that should have been submitted to arbitration, even if they were not actually heard, for any other rule would allow parties to split their causes of action." *Schattner* v. *Girard, Inc.*, 668 F.2d 1366, 1368 (D.C. Cir. 1981); *see also Sanders* v. *Washington Metro. Area Transit Auth.*, 819 F.2d 1151, 1157 (D.C. Cir. 1987) ("claims that should have been submitted to arbitration, even if they were not actually heard" are barred.) Accordingly, the Award not only bars any claim brought in the arbitration but also any other claim "based on the same nucleus of facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Wise* v. *Glickman*, 257 F.Supp.2d 123, 128 (D.D.C. 2003).

Dalal's complaint contains six separate Counts. The first four explicitly seek to vacate or modify the Award, on the grounds that it supposedly:

    I.    contained an "evident miscalculation of figures" (Cplt. at 12);

    II.    "fail[ed] to draw its essence from the underlying contract" (Cplt. at 13);

    III.    was "imperfect in matter or form." (Cplt. at 14); and

    IV.    constituted a "manifest disregard of the law." (Cplt. at 15).

The Court's Opinion, which rejected Dalal's attempt to modify the Award under the FAA, has already dismissed these four Counts.

Counts V and VI of the complaint, asserting quantum meruit and unjust enrichment (Cplt. at 16-17), are plainly barred by res judicata. Indeed, Dalal explicitly asserted the quantum meruit claim in the NYSE arbitration, (Razza Decl. Exh. A at 25), and Dalal's unjust enrichment claim is nothing but a restatement of his arbitration quantum meruit claim under a different legal theory. Dalal contended in the arbitration that he was entitled to recover in quantum meruit for the "good work [he] performed,"

5

and that he had been "denied the fruit of his labor." (Razza Decl. Exh. A at 25.) Dalal's unjust enrichment Count is essentially identical, asserting that "Dalal worked for the benefit of Goldman Sachs" and that "Goldman Sachs was enriched by actions it had not paid for or worked for." The unjust enrichment claim is thus barred as an impermissible attempt to assert a claim already brought in the arbitration "under [a] new label [ ]." *See Schattner*, 668 F.2d at 1368.

The Complaint is Time-Barred

Any claim by Dalal for unjust enrichment or quantum meruit would also be barred by the six-year statute of limitation applicable under the law of New York, the state in which Dalal worked throughout his employment with Goldman Sachs. *See* N.Y. C.P.L.R. 213(2); *R.B. Ventures, LTD. v. Shane*, No. 5678, 2000 WL 12118, at *9-10 (S.D.N.Y. Jan. 7, 2000) (claims for unjust enrichment and quantum meruit subject to six-year statute of limitations)[1]. Dalal's employment with Goldman Sachs ended in August 1999 (Razza Decl. Exh. A at 13); his time to assert a quantum meruit or unjust enrichment claim thus expired in August 2005, almost a year before Dalal actually filed his complaint. *See Shane*, 2000 WL 12118, at *9, 10 (limitations period for unjust enrichment claim "starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution; statute begins to run for quantum meruit claims when "the final service has been performed.")

---

[1] Dalal would not be aided by DC law, which applies a three-year statute of limitations to claims for quantum meruit and unjust enrichment. *See* DC Code § 12-301(7) and (8); *Constr. Interior Sys., Inc. v. Donohoe Co., Inc.*, 813 F.Supp.29, 33 (D.D.C. 1992).

## CONCLUSION

To the extent Dalal is seeking in his complaint to assert claims beyond his motion to modify the Award, the complaint is barred by the doctrine of res judicata and the applicable statutes of limitation and should be dismissed.

Dated: July 24, 2007
      New York, New York

/s/ Robin D. Fessel
Robin D. Fessel
Elizabeth Ehrlich
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

*Counsel for Defendant,*
*Goldman, Sachs & Co.*