UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
SANDEEP DALAL,                                         :
:
              Plaintiff,                :
    v.                                               :    No.: 06-1061-EGS
:
GOLDMAN, SACHS & CO.,                                  :
:
              Defendant.                :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REPLY MEMORANDUM OF GOLDMAN, SACHS & CO. IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

      Goldman, Sachs & Co. respectfully submits this reply memorandum in further support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint.

### PRELIMINARY STATEMENT

      Dalal's opposition papers ("Opp.") simply confirm that his complaint is legally deficient and must be dismissed on both res judicata and statute of limitations grounds. In the first place, Dalal explicitly admits that his two remaining claims (beyond those already dismissed on his "appeal" from the arbitration award) were brought in the arbitration; they are thus unquestionably barred by res judicata. Furthermore, Dalal does not—and could not—dispute that these two claims arose in August 1999, almost seven years before he filed his complaint and well beyond the applicable limitations periods. Dalal's contention that he was somehow prevented from bringing those claims until January 2002 by the provisions of his RSU award is patently frivolous.

## ARGUMENT

As Goldman Sachs showed in its opening memorandum, the first four of the six counts in Dalal's complaint on their face seek to modify the arbitration award, and have thus already been dismissed by the Court's May 7 Opinion.[1] The remaining two counts of Dalal's Complaint—Counts V and VI, asserting theories of quantum meruit and unjust enrichment— are clearly barred both by the doctrine of res judicata and by the applicable statutes of limitation.

<u>The Complaint is Barred By Res Judicata.</u>

Dalal explicitly admits in his opposition memorandum that Counts V and VI are identical to claims he made in the arbitration:

> [B]oth Counts [V and VI] of the Complaint are contained in the submissions made to the arbitration panel in 2004. Counts five and six of the filing on this litigation mirror counts seven and eight on the arbitration filing. The filing of arbitration in 2004 includes Count VII (Breach of Covenant of Good Faith and Fair Dealing), a subset of which is this doctrine of unjust enrichment, and Count VIII, which is specifically set forth as a Quantum Meruit claim.

(Opp. at 6-7). Those claims are thus indisputably barred. *See Schattner* v. *Girard, Inc.*, 668 F.2d 1366, 1368 (C.A.D.C. 1981) (res judicata bars claims that were or could have been brought in prior arbitration).

In opposition to dismissal, however, Dalal makes the utterly irrelevant argument that Counts V and VI of his complaint—which Dalal styles his "alternative claims"—seek bonus compensation and thus are distinct from the claims he asserted in the arbitration with respect to his forfeited RSUs. (Opp. at 4) Dalal notes that in the

---

[1] In his opposition papers, Dalal reiterates arguments made in his motion under Fed. R. Civ. P. 59 to modify the Opinion. Goldman Sachs will respond separately to those arguments in accordance with the Court's August 10, 2007 Order.

arbitration he sought both $238,000 for his forfeited RSUs and a $375,000 pro-rated bonus and states that "[t]he dramatic difference between the dollar value of these claims exists precisely because those two claims arise out of completely different rights, the [RSU] award made to all employees at the time of the IPO and the quantum meruit claim rooted in an annual compensation claim." (Opp. p.4-5) This argument misses the point entirely. The issue is not whether Dalal asserted various claims in the arbitration, but whether Counts V and VI attempt to reassert claims Dalal brought in the arbitration. Dalal has indisputably admitted that they do, and he is thus barred from relitigating them.

The Complaint is Time-Barred.

Dalal's argument in opposition to dismissal on statute of limitation grounds is equally meritless. Although Dalal does not dispute that his unjust enrichment and quantum meruit claims arose upon his termination from Goldman Sachs in August 1999, Dalal contends that he was prevented from bringing those claims until January 2002 when Goldman Sachs confirmed to Dalal that he had forfeited his RSUs by competing with the firm. Dalal argues that the 1999 Formula RSU Award Agreement prevented him from proceeding with those claims because it provides that:

> "[p]rior to arbitration, all claims maintained by you must first be submitted to the [SIP] Committee in accordance with claim procedures determined by the Committee."

(Opp. at 7). That is nonsense, as Dalal knows full well. The section of the agreement Dalal cites makes clear that the claims required to be brought to the SIP Committee are only those "arising out of or relating to the [Stock Incentive] Plan or this Award Agreement." As set forth above, Dalal himself emphasizes that Counts V and VI seek a pro-rata bonus and are entirely distinct from the RSU claims he brought in the arbitration. (Opp. at 6)

-3-

CONCLUSION

For the reasons set forth above and in Goldman Sachs' opening memorandum, Dalal's complaint should be dismissed.

Dated: August 20, 2007
      New York, New York

*/s/ Robin D. Fessel*

Robin D. Fessel
Elizabeth Ehrlich
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

*Counsel for Defendant,*
*Goldman, Sachs & Co.*