UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

------------------------------x
:
SANDEEP DALAL,                :
                              :
            Plaintiff,        :
                              :
      v.                      :   No.: 06-1061-EGS
                              :
GOLDMAN, SACHS & CO.,         :
                              :
            Defendant.        :
                              :
------------------------------x

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S RULE 54 MOTION**

Goldman, Sachs & Co. ("Goldman Sachs") respectfully submits this memorandum in response to plaintiff's ("Dalal's") motion under Fed. R. Civ. P. 54(b) to reconsider the Court's May 7, 2007 Memorandum Opinion and Order ("Order").[1]

**PRELIMINARY STATEMENT**

In the Order, the Court dismissed with prejudice plaintiff's claims under the Federal Arbitration Act ("FAA") as barred by the FAA's ninety-day statute of limitations. Dalal now asks the Court to reconsider its Order, arguing for the first time that a New York choice of law provision in the equity award at issue in the arbitration was intended to require application of New York law concerning modification of arbitration awards. That is utterly baseless and utterly irrelevant. Plaintiff repeatedly

---

[1] Plaintiff sought to bring his motion under Fed. R. Civ. P. 59. On August 10, 2007, the Court ruled that the Order was interlocutory and thus not subject to Fed. R. Civ. P. 59. Nevertheless, the Court permitted Dalal to proceed with a motion under Fed. R. Civ. P. 54(b).

invoked the FAA in his complaint and explicitly stated that the New York choice of law provision did *not* govern his motion to vacate. Moreover, Dalal's effort to modify the award would be time-barred under New York law just as it is under the FAA. And, finally, Dalal has set forth no grounds for modifying the award under the FAA or New York law.

## BACKGROUND

As Goldman Sachs has described in previous submissions, Dalal is a former employee of Goldman Sachs who left the firm in August 1999. In October 2004, Dalal filed a Statement of Claim against Goldman Sachs with the New York Stock Exchange ("NYSE") (attached to the Declaration of Jordan T. Razza sworn to October 23, 2006 ("Razza Decl.") as Exh. A), asserting that he was entitled to: (a) $238,000 for so-called Restricted Stock Units ("RSUs"), which he forfeited under the terms of the governing documents by competing with Goldman Sachs after he left, (b) a pro-rated bonus in the amount of $375,000 for his work during the portion of 1999 he was at Goldman Sachs and (c) unspecified punitive damages. (*See* Razza Decl. Exh. A, pp. 27-28.)

The matter was arbitrated in November 2005 before a panel of NYSE arbitrators in Washington, D.C. On November 25, 2005, the panel issued its Award, granting Dalal $25,000. (*See* Razza Decl. Exh. B.) Dalal acknowledges that the Award was "delivered [to him] via letter on or about December 6, 2005." (Cplt. ¶ 9).

On December 1, 2005, in anticipation of the arbitrators issuing the Award, Dalal asked that the NYSE remove his name from the Award before it became publicly

available. (Razza Decl. Exh. C.) Goldman Sachs consented to that request, and the NYSE sent the parties a revised version of the Award on January 20, 2006. (Razza Decl. Exh. D.) On February 8, 2006, Dalal submitted to the NYSE a "Request for Modification of the Award," (Razza Decl. Exh. E), which the NYSE denied on March 9, 2006. (Razza Decl. Exh. G.)

Dalal filed his complaint on June 6, 2006, and on October 2, 2006 he served it by mail on Goldman Sachs' counsel. (Razza Decl. ¶ 2) On October 23, 2006, Goldman Sachs moved to dismiss the complaint on the grounds that it was time-barred and failed to set forth any basis under the FAA for modifying or vacating the award. The Court issued its Order on May 7, 2007, dismissing Dalal's FAA claims as time-barred. Dalal now asks the Court to reconsider its Order, arguing that New York law—rather than the FAA—should govern the statute of limitations issue.

## ARGUMENT

### A. The FAA Statute of Limitation Applies and Bars Dalal's Claims.

Dalal's belated contention that the New York choice of law provision in his RSU award was intended to encompass New York law respecting motions to vacate or modify is patently baseless. To the contrary, in filing his complaint Dalal not only stated explicitly that he was proceeding under the FAA, he expressly argued that the RSU choice of law provision related only to New York "substantive law," and that "[i]n terms of timeliness, courts in the District of Columbia have routinely considered statute of limitations issue as procedural matters, irrespective of substantive law." (Cplt. ¶¶ 35,

36.) Indeed, Dalal cited authority for the proposition that New York arbitration law did not apply:

> Under customary choice of law principles, the laws of the forum… apply to matters of procedure… and, save where limitations is part of the cause of action itself, [a] limitation on the time of suit is procedural and is governed by the law of the forum. *Huang v. D'Albora*, 644 A.2d 1, 4 (D.C. 1994)

(Cplt. ¶ 36, fn. 1.) In the face of these statements, Dalal cannot now argue that he understood the RSU award choice of law provision to require application of New York arbitration law.

Dalal's reliance on *Ekstrom* v. *Value Health, Inc.* 68 F.3d 1391 (D.C. Cir. 1995) is entirely misplaced. *Ekstrom* resolved a dispute as to whether a Connecticut choice of law clause in a merger agreement extended to Connecticut's arbitration law. Here, in contrast, there is no dispute; neither party asserted that the RSU award clause encompassed arbitration law.[2]

**B.      Dalal's "Appeal" is Time-Barred Under New York Law.**

Even if Dalal were correct that New York law applied to his motion—which he clearly is not—his motion would still be time-barred. As with the FAA, New York law requires that a petition to modify or vacate an arbitration award be filed within ninety days after the award is delivered. N.Y. C.P.L.R. § 7511 (2007). Dalal received

---

[2]    Dalal's belated argument that New York's arbitration law should apply is also highly ironic in view of his complete disregard of the RSU award's provision requiring that the arbitration be held in New York. Dalal brought his arbitration in D.C. and successfully argued against Goldman Sachs' application that it be held in New York. (Declaration of Lisa M. White sworn to August 24, 2007, Exhs. A-E.)

the panel's award on December 6, 2005. He did not file his complaint until June 6, 2006, six months later.

Dalal's contention that the statute of limitations was tolled by his modification request to the NYSE is baseless. That request was itself untimely under N.Y. C.P.L.R. 7503, which requires that any such application be filed within twenty days after delivery of the award. Dalal did not submit his request until February 8, 2006, more than two months after he received the award. Nor is there any merit to Dalal's argument that there was no final order until January 20, 2006, when (at Dalal's request) the Panel issued its revised order to delete Dalal's name. The Court rejected that very argument in its Order, ruling that under the FAA "the December 2005 award was final because it unambiguously resolved all claims submitted and only left unresolved the ministerial issue of plaintiff's request for anonymity." (Order at 6.) The same is true under New York law. *See Island Territory of Curacao* v. *Solitron Devices, Inc.*, 356 F. Supp. 1, 12 (S.D.N.Y. 1973) (award is final when it "specifies precisely" what the party is obligated to pay and "[n]othing more remains to be calculated.").

Finally, even if the modification request had tolled the statute of limitations, Dalal's motion would still be time-barred. New York law requires that a petition for modification or vacatur be served upon the adverse party not later than 15 days after CPLR § 7511's 90-day statute of limitations expires. N.Y. C.P.L.R. § 306-b (2007); N.Y. C.P.L.R. § 7502(a) (2007); N.Y. C.P.L.R. § 7511(a) (2007). Here, Dalal did not serve his complaint until October 2, 2006, far beyond the time allowed, and even then he improperly served it on counsel, not Goldman Sachs. Service upon counsel for

the adverse party in the underlying arbitration is *not* sufficient. *See In re Star Boxing, Inc.* v. *DaimlerChrysler Motors Corp.*, 792 N.Y.S.2d 564, 565 (N.Y. App. Div. 2005) (where petition was served on law firm "petitioner failed to properly serve the petition, the Supreme Court lacked personal jurisdiction over the appellant, and the motion to dismiss the proceeding should have been granted").[3]

## C.   Dalal Has Set Forth No Grounds for Modification.

As Goldman Sachs demonstrated in its October 23, 2006 motion to dismiss, Dalal's attempt to vacate or modify the arbitration award under the FAA was not only time-barred, but also failed as a matter of law to state any ground for modification. The same would be true under New York law; indeed, the "standards for vacatur of an arbitration award under the N.Y. CPLR are the same as those of the FAA . . ." *Nicholls* v. *Brookdale Univ. Hosp. and Med. Ctr.*, No. 05-CV-2666, 2005 WL 1661093, at *8 (E.D.N.Y. July 14, 2005).

In language virtually identical to the FAA's, CPLR § 7511(c) provides for modification of an arbitration award only in three very limited circumstances:

(1)   there was a miscalculation of figures or a mistake in the description of any person, thing or property referred to in the award; or

(2)   the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

---

[3]   Dalal has abandoned his previous baseless argument that the NYSE's March 9, 2006 letter advising him that his motion for reconsideration had been denied by the arbitrators was not effective because it was signed by the NYSE case administrator rather than the arbitrators themselves. Indeed, Dalal now explicitly refers to that as the "arbitration panel's decision." (*See* Motion at 8).

>    (3)   the award is imperfect in a matter of form, not affecting the merits of the controversy.

N.Y. C.P.L.R. § 7511(c) (2007). Plaintiff's allegations do not come close to meeting those standards.

In support of his "appeal" from the arbitration award, Plaintiff asserted that the arbitrators made an "evident material miscalculation of figures" in awarding him $25,000, rather than the $238,000 he sought on his RSU claim. (Cplt. ¶ 39). CPLR § 7511 (c)(1) does not—as Dalal would have it—empower a court to override the intent of the arbitrators. Rather, as with the analogous provision under the FAA, CPLR § 7511(c)(1) "can only be used to modify awards where there is a mathematical miscalculation of figures used in determining an award, and not where . . . the basis of the arbitrator's award is challenged." *In re the Arbitration between City of Troy and Village of Menands*, 367 N.Y.S.2d 872, 873 (N.Y. App. Div. 1975); *see also In re the Arbitration between Healthcare Res. Int'l, Inc. and Blue Cross & Blue Shield of Western New York*, 688 N.Y.S.2d 452 (N.Y. App. Div. 1999) (internal citation and quotations omitted) (no miscalculation where the "[R]espondent has improperly challenged the figures the arbitrator chose to use in the exercise of his judgment, not his computation."). Here, there is absolutely no indication of any miscalculation; nothing in the record remotely suggests that the panel intended to award to plaintiff anything other than precisely what the award states—$25,000.

Dalal next argued that the award was "imperfect in matter or form" because the panel failed "to award the full and undisputable . . . contractual amount due." (Cplt. ¶ 45). CPLR § 7511(c)(3), however, is limited to matters of "form not affecting

the merits of the controversy." (*Id.*); s*ee also In re the Arbitration between Ververs & Schueller Co. and Emory Machine & Tool Co., Inc.*, 593 N.Y.S.2d 701, 702 (N.Y. App. Div. 1993) (challenge "to the amount of the award was an attack on its substance rather than on its form and, thus, a modification is not authorized by CPLR 7511(c)(3)."). A reviewing court may not "second-guess [the arbitrator's] factual findings or legal conclusions." *In re the Arbitration between Healthcare Res. Int'l, Inc. and Blue Cross & Blue Shield of Western New York, Inc.*, 688 N.Y.S.2d 452 (N.Y. App. Div. 1999). Again, there is absolutely no basis to conclude that the panel intended anything other than an award of $25,000, and thus no question of an "imperfect[ion] of form."

Finally, Dalal asserted in his complaint that the award should be modified or vacated because it was in "manifest disregard of the law." (Cplt. ¶¶ 43, 47). The manifest disregard of the law doctrine, however, does not exist under New York law. "An arbitration award is not subject to vacatur on the ground that the award was based on a manifest disregard of the law . . . [R]ather, only where a mistake of law rendered the award totally irrational or in violation of a strong public policy will such a mistake be grounds for vacatur." *In re the Arbitration between City of Buffalo and Buffalo Police Benevolent Assoc.*, 786 N.Y.S.2d 789 (N.Y. App. Div. 2004) (internal quotations omitted); *see also Hackett* v. *Millbank, Tweed, Hadley & McCoy*, 86 N.Y.2d 146, 155 (N.Y. 1995) (internal quotations omitted) ("Even where the arbitrator makes a mistake of fact or law, or disregards the plain words of the parties' agreement, the award is not subject to vacatur unless the court concludes that it is totally irrational or violative of a strong public policy and thus in excess of the arbitrator's powers"); *Maross Constr.,*

*Inc. v. Central New York Reg'l Transp. Auth.*, 66 N.Y.2d 341, 346 (N.Y. 1985) (internal citation and quotations omitted) ("[A]n arbitrator's interpretation of the parties' contract is impervious to judicial challenge even where the apparent, or even the plain, meaning of the words of the contract has been disregarded."). Dalal has not, and could not, make such a showing. Indeed, as Goldman Sachs demonstrated in its October 2006 motion to dismiss, Dalal utterly failed to establish grounds for vacatur even under the less stringent manifest disregard of the law standard.

## CONCLUSION

For the reasons set forth above, Goldman Sachs respectfully requests that plaintiff's motion be denied.

Dated: August 24, 2007
       New York, New York

*(signature: Robin D. Fessel)*
Robin D. Fessel
Elizabeth Ehrlich
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498

*Counsel for Defendant,*
*Goldman, Sachs & Co.*

AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    : ss.
COUNTY OF NEW YORK  )

Lois Sturm, being duly sworn, deposes and says that she is over 18 and not a party to this action and that on the 24th day of August, 2007, she served by regular mail, postage prepaid, upon the *pro se* plaintiff Sandeep Dalal, 2111 Wisconsin Avenue, NW, #208, Washington, DC 20007, true copies of the following:

1. Defendant's Memorandum in Opposition to Plaintiff's Rule 54 Motion;

2. Declaration of Lisa M. White.

*/s/ Lois Sturm*

Sworn to before me this
24th day of August, 2007.

_____
Notary Public

DAVID LIEBOV
Notary Public, State of New York
No. 24-01LI4519080
Qualified in Kings County
Certificate filed in New York County
Commission Expires January 31, 2011