# EXHIBIT A

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 27, 2005

<u>Via Federal Express</u>

David E. Carey,
New York Stock Exchange, Inc.,
20 Broad Street,
New York, NY 10005.

Re:  *Sandeep Dalal* v. *Goldman, Sachs & Co.*
<u>NYSE Docket #2004-015821</u>

Dear Mr. Carey:

I write on behalf of our client, Goldman, Sachs & Co. ("Goldman Sachs"), to request that the hearing in the above matter be held in New York, New York.

Goldman Sachs makes its request for three reasons. First, Dalal worked in the New York office of Goldman Sachs throughout his employment with the firm. Second, in accepting the Formula RSU Award that is the subject of Dalal's Statement of Claim, Dalal agreed to be bound by the 1999 Formula RSU Award Agreement ("Award Agreement"), which provides that "[a]ny dispute, controversy or claim between [Goldman Sachs] and you, arising out of or relating to or concerning... this Award Agreement, shall be finally settled by arbitration *in New York City* before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc..." (emphasis added). (*See* Statement of Claim, Exhibit C at ¶ 15.) Indeed, the signature card Dalal executed to acknowledge his acceptance of the terms of the Award Agreement reiterates his commitment to resolve any dispute "through arbitration in New York." (*See* Answer, Exhibit D.) Finally, most, if not all, of the witnesses Goldman Sachs expects to call at the hearing are located in New York.

Very truly yours,

Robin D. Fessel

cc:  Sandeep Dalal

# EXHIBIT B

The Observatory Of Georgetown, Apt. 208
2111 Wisconsin Avenue, NW
Washington, DC 20007
(202) 342-1205 | (202) 329-7534 (Mobile)
sandeep@post.harvard.edu

May 12, 2005

Mr. David Carey
Chief Arbitration Counsel
New York Stock Exchange
20 Broad Street
New York, NY 10005

Ms. Robin Fessel
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

Pursuant to Mr. David Carey's request for a reply by Friday the 13th, with regard to Goldman Sachs' request for a change of venue, please find attached a copy of the email sent to Mr. Carey on May 6th, 2005. Not only is the request improper and untimely per the rules but as respectfully also noted in the email, the specific rules with regard to designating time and place leave it solely to the Director of Arbitration, and once that has been determined, as it has, Goldman Sachs has no choice but to submit the request to the Arbitrators already appointed, *after* the first hearing in DC. Unlike on many issues, the Director of Arbitration has not been given discretion to change that determination, and the rules clearly support the decision that has already been taken. No prior agreement or understanding can contradict or impinge on NYSE's own rules (per Rule 636).

I wish to request a pre-hearing conference call on account of Goldman Sachs' failure to respond to the Request for Information & Documents sent March 24th, 2005. Putting aside the fact that the response was once again well past the 30 calendar days provided for by the NYSE Rules, and putting aside the pattern of late responses by Goldman Sachs, the reply categorically refuses to provide many documents which are essential to the matter in dispute. Secondly, Goldman Sachs has requested an onerous confidentiality agreement prior to releasing *any* information. That is not acceptable to me: the parties already have a written contract, which mandates confidentiality, and which governs this dispute. The NYSE also provides for a confidential arbitration process, and the incremental impositions made by Goldman Sachs are exactly that.

Please feel free to contact me at the address or email listed above or at my mobile phone.

Sincerely,

Sandeep Dalal

(Will Be Sent Via Fedex To NYSE And Goldman Sachs)

Dear Mr. Carey:

Thank you very much for your email. Pursuant to the NYSE's rules of
arbitration, Goldman Sachs' request to move the arbitration to New York is
untimely and improper.

1. REQUEST IS IMPROPER

Firstly, Goldman Sachs' request is improper. NYSE Rule 613 is very clear on
the matter, and which I have quoted in its entirety in the Endnote 1 below.
Rule 613 is the only rule pertaining to choice of place and time. To quote:
"The time and place for the initial hearing shall be determined by the
Director of Arbitration and each hearing thereafter by the arbitrators."
While Goldman Sachs' reply in December has already made some novel
assertions to curtail the power of the arbitrators, and I imagine their
communication to you does the same on the matter of moving the place from DC
to NYC, kindly please note another rule, Rule 636 (d), for clarity: "No
agreement shall include any condition which limits or contradicts the rules
of any self-regulatory organization or limits the ability of a party to file
any claim in arbitration or limits the ability of the arbitrators to make
any award." Therefore, it is abundantly clear that the NYSE's rule on place
and time, which is Rule 613, cannot be limited or contradicted by any
assumption by Goldman Sachs. The Director of Arbitration has made a
determination highly consistent with Rule 613 (and Rule 636 noted above).

Furthermore, on the same point, I most respectfully submit that the NYSE's
rules of arbitration do not give the honorable Director of Arbitration any
discretion on the matter. Discretion is afforded specifically under Rule 612
for filing of replies and couterclaims, and other matters as noted in the
rules, but not on Rule 636 and Rule 613. I make the point most respectfully
and only for clarity.

2. REQUEST IS UNTIMELY

Secondly, Goldman Sachs' request is untimely because it fails to adhere to
the 10 business day rule set by the NYSE with regard to any objections to
the appointment of arbitrators (essentially venue is subsumed in that
matter). I rely on Rule 608-611 on this matter. The deadline was repeated in
your communication to all parties. Despite a medical matter in my family,
and being out of town, I made it a point to adhere to the deadline (even if
on the last day). Goldman Sachs has qualified attorneys advising it on this

matter, and abundant resources, yet its request is several weeks late. It is most untimely. What is good for the goose has to be good for the gander.

Furthermore, as before, I most respectfully submit that the NYSE's rules of arbitration do not give the honorable Director of Arbitration any discretion on the timeliness matter. Discretion is afforded specifically under Rule 612 for filing of replies and couterclaims, and other matters as specifically noted in the rules, but not on Rule 608-611, which set timelines for responses to appointment of arbitrators.

Finally, I wish to note that any discretion afforded by any rule unknown to me be exercised in my favor. Goldman Sachs is a firm with abundant resources and there is no inconvenience caused to it to take the shuttle to DC from NYC. I on the other hand have to commute to Houston regularly to my relative, whose surgery has been scheduled partly to fit my free days. For me to be in DC to receive and respond to mail for new appointments of arbitrators and to determine new dates for where and when I need to be is highly inconvenient, if not impossible, and will cause an untimely delay in the process.The best Goldman Sachs can hope is to submit a request at each hearing to the arbitrators already appointed, and who cannot be changed, to see if they may agree to meet in New York. I will file an objection at every such request.

Sincerely,


Sandeep Dalal

Endnote 1:

Rule 613. Designation of Time And Place Of Hearings

The time and place for the initial hearing shall be determined by the Director of Arbitration and each hearing thereafter by the arbitrators. Notice of the time and place for the initial hearing shall be given at least fifteen (15) business days prior to the date fixed for the hearing by personal service, registered or certified mail to each of the parties unless the parties shall, by their mutual consent, waive the notice provisions under this section. Notice for each hearing, thereafter, shall be given as the arbitrators may determine. Attendance at a hearing waives notice thereof.

# EXHIBIT C

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 20, 2005

Via E-Mail and Express Mail

David L. Carey,
    New York Stock Exchange, Inc.,
        20 Broad Street,
            New York, NY  10005.

Re:    *Sandeep Dalal* v. *Goldman, Sachs & Co.*
       NYSE Docket #2004-015821

Dear Mr. Carey:

I write on behalf of our client, Goldman, Sachs & Co. ("Goldman Sachs"), in reply to Sandeep Dalal's ("Dalal") May 12, 2005 letter opposing Goldman Sachs' request that the hearing in this matter be held in New York, New York.

Dalal does not dispute that he worked in the New York office of Goldman Sachs throughout his employment with the firm. Nor does Dalal dispute that he is bound by the provision of his Formula RSU Award requiring that any disputes be settled "through arbitration in New York." (*See* Answer, Exhibit D.) Dalal, moreover, does not even attempt to offer any reason why the choice of forum provision of the Award Agreement (which he is purporting to enforce in this arbitration) should not be enforced, or why, in view of his New York employment, the matter should be arbitrated elsewhere.

Dalal's purported reliance on NYSE Arbitration Rule 613 is utterly misplaced. As Dalal acknowledges, Rule 613 gives the Director of Arbitration the power to schedule the "time and place" of the initial hearing. Dalal's argument that the Director is somehow powerless to change the location where the initial determination was contrary to Dalal's own agreement and NYSE practice is simply illogical, and Dalal offers nothing to support it.



-2-

Finally, Dalal's purported reliance on a ten-day period for objecting to the appointment of arbitrators is equally illogical. Goldman Sachs is not seeking to challenge the appointed arbitrators, but rather to have the arbitration proceed in New York, in accordance with Dalal's explicit agreement.

Very truly yours,

Robin D. Fessel

cc: Sandeep Dalal

**EXHIBIT D**

The Observatory Of Georgetown, Apt. 208
2111 Wisconsin Avenue, NW
Washington, DC 20007
(202) 342-1205 | (202) 329-7534 (Mobile)
sandeep@post.harvard.edu

May 23, 2005

Mr. David Carey
Chief Arbitration Counsel
New York Stock Exchange
20 Broad Street
New York, NY 10005

Copy to:
Ms. Robin Fessel
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

RE: CHOICE OF VENUE/ Sandeep Dalal v. Goldman Sachs (NYSE #2004-015821)

Dear Mr. Carey:

I respectfully submit to the honorable Director of Arbitration my request that Goldman Sachs'
letter of May 20th 2005 should not be considered in any determination of the firm's prior request
to improperly and belatedly change the choice of venue from Washington DC to New York NY.
When Goldman Sachs made a motion via a letter, you very kindly provided an opportunity to me
to submit a response by May 13th 2005. Now both sides have made their arguments, so Goldman
Sachs' continued motions only reinforce its failure thus far to adhere to the letter and spirit of an
expeditious arbitration process. After all, Goldman Sachs' request was already improper and
untimely when made almost a month ago.

Alternatively, should the honorable Director of Arbitration elect to include Goldman Sachs'
letter of May 20th 2005 in considering the matter, Dalal submits the following additional facts in
reply.

**Dalal's argument remains simple and the same:** Per Rule 613, the honorable Director of
Arbitration has the sole authority to determine choice of venue, which authority has been
properly exercised already. It is equally clear that per Rule 636, Goldman Sachs' desire to
determine the choice of venue, either preemptively through contract or subsequently through
motions, has no impact whatsoever on a decision already made per Rule 613. Arbitration is
unique in this respect, for Rule 636 makes weak any attempt to dictate the choices available to
the honorable Director of Arbitration or honorable arbitrators. Rule 613 and Rule 636 support

Dalal's approach (and the NYSE's) to ignore details of 'who worked where and when and how' (as footnoted).[1]

Furthermore, Rule 613 already and specifically provides the mechanism by which any request to belatedly change the choice of venue must be dealt with. That mechanism requires Goldman Sachs to make any submission to the honorable arbitrators at the first hearing. Finally, even if Goldman Sachs is hypothetically assumed to make a meritorious argument, its motion was and is clearly untimely, notwithstanding its disingenuous and new twist on timeliness (as footnoted).[2]

Please contact me via email or mobile phone if I may be of further assistance in the matter,
Sincerely,


Sandeep Dalal

---

[1] Goldman Sachs incorrectly claims that Dalal has relied on the "argument that the Director is somehow powerless to change the location" (May 20th letter, at paragraph 3). Quite to the contrary, Dalal makes a completely different argument in his May 12th letter, one that clarifies the power of the Director of Arbitration to make decisions solely at its discretion. All that Dalal has argued is that once such a determination has been made, it would be highly improper to second guess it and open up the decision to unending motions. It also incorrectly insists that Dalal must provide detailed arguments about why the choice of venue should not be New York NY. Rule 613 and Rule 636 make that unnecessary.

[2] On the matter of timeliness, Goldman Sachs incorrectly argues that its failure to adhere to the 10-day deadline applies to the choice of arbitrators only, not to the choice of time and place. Such a claim of course exhibits a lack of familiarity with the NYSE's arbitration procedures. For one, the arbitrators chosen are specific to the choice of venue for the hearings, such that the NYSE typically dips into a different pool of prospective arbitrators if the venue was to be Washington DC and an altogether different pool if the venue was to be New York NY instead. So the choice of time and place is not divorced from the choice of arbitrators. For another, even if Goldman Sachs is cut some slack for its lack of familiarity with the NYSE's arbitration process, the firm can hardly argue that it failed to read the 10-day deadline that was highlighted in **bold** in both the initial and follow-on letters sent by Mr. David Carey, letters which not only listed the arbitrators but the choice of venue as well. Finally, on the same issue, Goldman Sachs' twisted logic is disingenuous because it begs the question: what alternative deadline did the firm have in mind? And where did it source the assumption for that alternative deadline?

**EXHIBIT E**

New York Stock Exchange, Inc.
20 Broad Street
New York, NY 10005

David L. Carey

**NYSE**

Tel: (212) 656-6468
Fax: (212) 656-2727
dlcarey@nyse.com

June 30, 2005

RE:    Sandeep Dalal v. Kevin Whitney Associate General Counsel Goldman Sachs & Co.
       NYSE Docket #2004-015821

| TO THE PARTIES: | TO THE ARBITRATORS: |
|---|---|
| Sandeep Dalal | Dennis McLeavey Jr. |
| The Observatory of Georgetown | Charlottesville, VA, 22903-0668 |
| 2111 Wisconsin Avenue, NW | Member, Non-Securities Panel |
| Washington, DC 20007 | |
| Claimant Representative | Morris Levin Esq. |
| | Washington, DC, 20036 |
| Robin Fessel Esq. | Member, Non-Securities Panel |
| Sullivan & Cromwell LLP | |
| 125 Broad Street | Stephanie Malevich |
| New York, NY 10004 | Falls Church, VA, 22046-3505 |
| Respondent Representative | Member, Securities Panel |

Under Rule 619 Arbitrator Morris Levin determined:

1.  Venue is to remain in Washington, DC.

2.  The confidentiality agreement of Respondent is approved. The subpoena to Core Capital
    will be signed.

3.  There are to be no more requests for discovery as of June 28, 2005. Each side is to
    immediately respond to the other side on the outstanding discovery requests.

4.  The parties are to submit agreed hearing dates to the Exchange.

Sincerely,

David L. Carey

:ws