UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
SANDEEP DALAL,                )
                              )
            Plaintiff,        )
                              ) Civil Action No. 06-1061 (EGS)
            v.                )
                              )
GOLDMAN SACHS & CO.,          )
                              )
            Defendant.        )
_____)
```

## MEMORANDUM OPINION

Pro se plaintiff Sandeep Delal brings this case to challenge an arbitration award arising out of a contract dispute between himself and defendant Goldman, Sachs & Co. ("Goldman, Sachs"). Currently pending before the Court are defendant's motion to dismiss the complaint and plaintiff's motion for reconsideration of the Court's May 7, 2008 order. Upon consideration of the motions, the responses and replies thereto, the applicable law, the entire record, and for the reasons stated herein, defendant's motion to dismiss the complaint is **GRANTED** and plaintiff's motion for reconsideration is **DENIED**.

### I.   BACKGROUND

Plaintiff is a former employee of Goldman, Sachs who left the firm in August 1999.  In October 2004, plaintiff filed a Statement of Claim against Goldman, Sachs with the New York Stock Exchange ("NYSE"), claiming that he was contractually owed additional compensation.  The matter was arbitrated over four

days in November 2005 before a panel of NYSE arbitrators in Washington, D.C.  On November 25, 2005, the panel issued its decision awarding plaintiff $25,000.  The parties were informed of the decision on December 7, 2005, and a revised version of the award was issued on January 20, 2006.  On February 8, 2006, plaintiff submitted to the NYSE a "Request for Modification of the Award," to which defendant responded on February 22, 2006.  On March 9, 2006, the parties were notified that the panel had denied the request for modification.

Plaintiff filed his complaint in this Court on June 8, 2006, seeking modification of the arbitration award for various reasons and alleging that the defendant was directly liable under theories of quantum meruit and unjust enrichment.[1]  On October 23, 2006, defendant filed its motion to dismiss the complaint arguing that plaintiff's claims under the Federal Arbitration Act ("FAA") were time-barred and that any other claims should be dismissed for lack of service.

On December 7, 2006, plaintiff filed his motion for summary judgment arguing that as a matter of law, he was entitled to a

---

[1] Plaintiff asserted the following claims for relief in his complaint: Count One - Breach of Contract - Evident Miscalculation of Figures Under the Uniform Arbitration Act; Count Two - Breach of Contract - Manifest Disregard of the Law - Award Fails to Draw its Essence from the Underlying Contract; Count Three - Breach of Contract - Award is Imperfect in Matter of Form, Correcting which would not Affect the Merits of the Controversy; Count Four - Breach of Contract - Upon Request, Arbitrators are Bound by NYSE Rules to Provide a Reasoned Opinion - Failing to do so too is a Manifest Disregard of the Law; Count Five - Quantum Meruit Claim against Goldman Sachs (alternative theory of recovery); Count Six - Unjust Enrichment by Goldman Sachs (alternative theory of recovery).

modification of the arbitration award under District of Columbia Code section 16 and the common law, and that he was entitled to damages based on his quantum meruit and unjust enrichment claims.

On May 7, 2007, the Court issued an opinion granting defendant's motion to dismiss the FAA claims because they were time-barred.  For the non-FAA claims, unjust enrichment and quantum meruit, the Court afforded plaintiff an additional opportunity to perfect service of the complaint.  Both defendant's motion to dismiss, with respect to the non-FAA claims, and plaintiff's motion for summary judgment were denied without prejudice.

On July 13, 2007, plaintiff filed an affidavit with the Court demonstrating that he had properly served the complaint, and also filed a motion for reconsideration of the Court's May 7, 2007 opinion.[2]  On July 24, 2007, the defendant filed the motion to dismiss presently before the Court arguing that plaintiff's non-FAA claims are barred by the doctrine of res judicata, and alternatively, are time-barred.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint where the plaintiff fails

---

[2] Plaintiff filed his motion for reconsideration under Federal Rule of Civil Procedure 59.  On August 10, 2007, the Court issued an order granting plaintiff leave to file his motion for reconsideration, but clarified in the Order that plaintiff's motion for reconsideration would be construed as arising out of Rule 54(b), rather than Rule 59.

"to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). As a general matter, the Federal Rules require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing Fed. R. Civ. Pro. 8(a)(2)). The court "must accept as true all of the factual allegations contained in the complaint." *See Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 253 (D.C. Cir. 2008) (quoting *Erickson*, 127 S. Ct. at 2200). *See also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1281 (D.C. Cir. 2008). The complaint is construed liberally in the plaintiffs' favor, "with the benefit of all reasonable inferences alleged," *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007), but the court need not accept inferences unsupported by facts in the complaint, nor must the court accept plaintiffs' legal conclusions. *Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Moreover, consistent with the leniency afforded pro se plaintiffs, the Court must make a concerted effort to discern a cause of action from the record presented if an action is in fact discernable." *Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006).

**III. ANALYSIS**

    **A.   Plaintiff's Motion for Reconsideration**

A district court may revise its own interlocutory rulings "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). The standard of review for interlocutory orders differs from the standard of review for final judgments under Federal Rules of Civil Procedure 59(e) and 60. *See, e.g., Campbell v. United States DOJ*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002) (citing cases). The Court may reconsider any interlocutory judgment "as justice requires." *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000).

On May 7, 2007, the Court issued an opinion granting in part defendant's motion to dismiss, and denying without prejudice plaintiff's motion for summary judgment. Specifically, the Court granted defendant's motion to dismiss with respect to the claims brought under the FAA because they were time-barred. Plaintiff asks the Court to amend its prior ruling dismissing plaintiff's FAA claims.

Plaintiff argues that the Court erred in concluding that the December 2005 award was final because the award stated that the NYSE would shortly "send the parties a revised award indicating the arbitrators' decision on the claimants' request to withhold his name from the public version of the award." Dec. 2005 Award,

Razza Decl., Ex. B, at 1.  Rather, plaintiff contends, the award issued on January 20, 2006, which reflected plaintiff's request for anonymity, was the final award.  Plaintiff made the identical argument in his opposition to defendant's original motion to dismiss and the Court rejected that argument.  Motions for reconsideration "are not simply an opportunity to reargue facts and theories upon which a court has already ruled."  *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (internal quotations omitted).  As the Court held in its May 7, 2007 opinion, the December 2005 award was final because it unambiguously resolved all claims submitted in the demand for arbitration and only left unresolved the ministerial issue of plaintiff's request for anonymity.[3]  *See Fradella*, 183 F.3d 17, 19 (1st Cir. 1999); Dec. 2005 Award at 1-3.

Plaintiff also argues that the Court erred in applying the FAA's three month statute of limitation as grounds to dismiss any count in the complaint because none of plaintiff's claims relied exclusively on the FAA.  According to plaintiff, the Court should have applied New York's statute of limitations to plaintiff's appeal, consistent with the choice of law provision in the parties' agreement.  Without a doubt, plaintiff's complaint is an

---

[3] Plaintiff's subsequent request to modify the arbitration award was not submitted until February 8, 2006.  *See* Pl's Mot. to Recons. Ex. A.  This request does not affect the Court's determination that the December 2005 award was indeed final.

appeal from an arbitration award. *See* Compl. ¶¶ 9-10 ("Mr. Dalal properly brought forth a motion for modification of the [second] award on February 8, 2006, . . . which was dismissed without modification pursuant to a third award. . . . Mr. Dalal most humbly brings this appeal to the Federal Court of the District of Columbia."). *See also* Pl.'s Mot. for Recons. 9 ("Argument V: This Case is an Appeal of an Arbitration"). Regardless of whether the Court applies the FAA's or New York's statute of limitations for appealing an arbitration award, plaintiff's complaint is time barred.

The FAA requires a petition to serve "notice of a motion to vacate, modify, or correct an award . . . within three months after the award is filed or delivered." 9 U.S.C. § 12. There is no statutory or common law exception to this time limitation. *Loewen v. United States*, 2005 WL 3200885, at *2-3 (D.D.C. Oct. 31, 2005). Plaintiff received the arbitration panel's award on December 7, 2005, and he did not file his complaint until June 8, 2006. Applying the FAA's three month statute of limitations to plaintiff's complaint results in plaintiff's complaint being time barred.

New York law also requires that a petition to modify an arbitration award be filed within ninety days after the award is delivered. N.Y. C.P.L.R. § 7511. Although New York law permits the statute of limitations to be tolled when a modification

7

request is filed, such requests must be filed within twenty days after delivery of the award. *See* N.Y. C.P.L.R. § 7503. Plaintiff did not submit his modification request until February 8, 2006, more than two months after he received the arbitrator's final award on December 7, 2005. Thus, even if the Court were to apply New York's statute of limitations, plaintiff's appeal would still be time barred.

Neither plaintiff's request for anonymity, nor plaintiff's out-of-time request for modification of the December 2005 award, alter the Court's conclusion that plaintiff's appeal is barred by the statute of limitations. The statute of limitations clock began running when the parties received the final award on December 7, 2005 and expired before plaintiff filed his complaint on June 8, 2006. Accordingly, the Court denies plaintiff's Motion for Reconsideration for substantially the same reasons discussed in its May 7, 2007 opinion.

**B. Defendant's Motion to Dismiss the Remaining Claims**

Under the doctrine of res judicata, "a party whose claims have been decided in arbitration may not then bring the same claims under new labels. The same is true of claims that should have been submitted to arbitration, even if they were not actually heard, for any other rule would allow parties to split their causes of action." *Schattner v. Girard, Inc.*, 668 F.2d 1366, 1368 (D.C. Cir. 1981); *see also Sanders v. Washington*

8

*Metro. Area Transit Auth.*, 819 F.2d 1151, 1157 (D.C. Cir. 1987) ("claims that should have been submitted to arbitration, even if they were not actually heard" are barred). Accordingly, the Award not only bars any claim brought in the arbitration but also any other claim "based on the same nucleus of facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Wise v. Glickman*, 257 F. Supp. 2d 123, 128 (D.D.C. 2003).

Defendant is correct in its assertion that the first four of the six counts in plaintiff's complaint sought to modify the arbitration award and were thus dismissed in the Court's May 1, 2007 opinion because they were time-barred.[4] The Court will now consider whether Plaintiff's two remaining claims, unjust enrichment and quantum meruit are barred, as defendant contends, by the doctrine of res judicata.[5]

Plaintiff clearly states in his opposition to defendant's motion to dismiss that:

---

[4] The dismissed counts included: Count One - Breach of Contract - Evident Miscalculation of Figures Under the Uniform Arbitration Act; Count Two - Breach of Contract - Manifest Disregard of the Law - Award Fails to Draw its Essence from the Underlying Contract; Count Three - Breach of Contract - Award is Imperfect in Matter of Form, Correcting which would not Affect the Merits of the Controversy; Count Four - Breach of Contract - Upon Request, Arbitrators are Bound by NYSE Rules to Provide a Reasoned Opinion - Failing to do so too is a Manifest Disregard of the Law.

[5] The defendant also argues, in the alternative, that the claims for unjust enrichment and quantum meruit are also barred by the statute of limitations. Because the Court finds that these claims are barred by the doctrine of res judicata, the Court will not reach this alternative argument.

> [B]oth counts [V and VI] of the Complaint are contained in the submissions made to the arbitration panel in 2004. Count five and six of the filing on this litigation mirror counts seven and eight of the arbitration filing. The filing at arbitration in 2004 includes Count VII (Breach of Covenant of Good Faith and Fair Dealing), a subset of which is the doctrine of unjust enrichment, and Count VIII, which is specifically set forth as a Quantum Meruit Claim.

Pl's Opp'n 6-7. Because plaintiff's claims for unjust enrichment and quantum meruit were previously adjudicated before the arbitration panel, these claims are plainly barred by the doctrine of res judicata. *See Schattner*, 668 F.2d at 1368. Thus, the Court shall dismiss the remaining claims from plaintiff's complaint.

## IV. CONCLUSION

The Court concludes that plaintiff has not persuaded the Court to reconsider its May 7, 2007 opinion. Further, plaintiff's claims for unjust enrichment and quantum meruit are barred by the doctrine of res judicata. Therefore, defendant's motion to dismiss is **GRANTED**, and plaintiff's motion for reconsideration is **DENIED**. An appropriate order accompanies this Memorandum Opinion.


**Signed:**  **Emmet G. Sullivan**
**United States District Judge**
**March 27, 2008**