RECEIVED
APR 1 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Case # 06-CV-1061-EGS
Appealed From New York Stock Exchange
Arbitration Case #2004-015821

**SANDEEP DALAL**
*Plaintiff ("Mr. Dalal")*

v.

**GOLDMAN, SACHS & CO.**
*Defendant ("Goldman")*

---

**PLAINTIFF'S RULE 59 MOTION ON FINAL APPEALABLE ORDER**

---

Submitted By:
Sandeep Dalal
*Pro Se*
1809 Devonshire Crescent
Houston, TX 77030
Telephone: (202) 329-7534 (Mobile)

## INTRODUCTION

Mr. Dalal respectfully submits this Rule 59 Motion ("this motion") seeking alteration/amendment of the final appealable decision of the honorable US District Court for the District of Columbia ("this Court"), entered into judgment on March 27, 2008 ("the Second Opinion"), postmarked for mail delivery on March 31, 2008 and received by mail on April 8, 2008. This Rule 59 Motion shall focus only on new issues raised by the Second Opinion, and not focus on issues raised in an earlier Rule 59 Motion on the first order of this Court, entered into judgment on May 7, 2008 ("First Opinion").[1] Out of abundant caution, Mr. Dalal also intends to file an appeal with the US Court of Appeals for the DC Circuit within the stipulated 30 days, doing so in the belief that this Court's two decisions, separating various counts, may lead to challenges of the timeliness of some issues at appeal.

**ARGUMENT ONE: MR. DALAL'S REQUEST FOR MODIFICATION WAS DEEMED TIMELY BY THE ARBITRATORS; GOLDMAN FAILED TO OBJECT TO THE TIMELINESS ISSUE THEN AND UNDER WELL SETTLED LAW, CANNOT RELY ON IT NOW; AND IN ANY EVENT, THIS COURT SHOULD NOT *SUA SPONTE* CREATE AN ARGUMENT *POST HOC***

This Court committed clear error in concluding that even if New York Law is applied, Mr. Dalal submitted an "out-of-time request for modification of the December 2005 award" (*Second Opinion at 8*) and that such "requests must be filed within twenty days after delivery of the award" (*id at 8*). This error was first evidenced in the Second Opinion and is thus correctly raised in this Motion.

Firstly, this Court owes deference to the NYSE's Director of Arbitration and the three-member arbitration panel on what constitutes an interim award versus final award, for they are

---

[1] Mr. Dalal thanks this Court for accepting his Rule 59 Motion as a Rule 54 Motion, and for appearing to accept his argument that New York Law, not the FAA, should apply, and for accepting that New York Law tolls the time to appeal an arbitration.

1

the first (if not best) judge of the NYSE's Rules of Arbitration. Mr. Dalal's communications with that office clearly confirm that the NYSE characterized the December 7 2005 award as interim one and the January 20, 2006 award as one *appealable to the arbitration panel*. Hence under New York Law, and its tolling doctrine, the arbitration award was not ripe for review by this Court until March 9, 2006, when the final award was issued. To be sure, if the NYSE had deemed its award to be what this Court claims those to be, it would neither have accepted Mr. Dalal's Request for Modification dated February 8, 2006 nor issued a third award on March 9, 2006. Additionally, in a motion to dismiss, this Court cannot but rely on Mr. Dalal's representation to be true, that there was no objection raised by the NYSE's Arbitration Office or by the Arbitrators, and that therefore the Request for Modification cannot but have been timely.

Secondly, it is well-settled law that if Goldman failed to state a statute of limitations objection to the timeliness of Mr. Dalal's Request for Modification **at the time it was filed**, it cannot raise such an objection or rely on such an argument at appeal before this Court. Doing so runs afoul of controlling law, as set forth by the US Court of Appeals for the DC Circuit in *Canady v. SEC, No. 99-1407 (Decided 10/31/2000)*:

> "It is well established that "reliance on a statute of limitations is an affirmative defense and is waived if a party does not raise it in a timely fashion.""…"[Failure] to raise the statute of limitations in this case constitutes a waiver of that claim."…"As the District of Columbia Circuit has held, a party claiming the statute of limitations defense must give adequate notice of that claim in order to permit the other side "not only to frame legal arguments, but to establish relevant facts that might affect the applicability of the statute of limitations…(quoting *Harris v. Secretary of Veteran Affairs, 126 F 3d 339, 343, 344 (DC Circuit 1997)*.

In other words, Goldman cannot rely on the timeliness argument at appeal, and in any event, the failure of Goldman and the arbitrators to object to the timeliness of Mr. Dalal's requests should be seen as having denied him the chance to frame his legal argument. Had those objections been

made, Mr. Dalal would surely have filed this appeal after receiving Goldman's response after February 8, 2006, which was well within the 90-day rule.

Thirdly, in any event, as *pro se* plaintiff, Mr. Dalal had every reason to rely on the Rules of Arbitration book issued by the NYSE and the publicly available texts on New York Law. Per those references, NYCPLR, as explained in *5 NY Jur 2d §195 Commencement and Tolling of Statutory Period* confirms **limitations period runs from date of final award**, and so long as the arbitrators accepted the Request for Modification for consideration, it cannot matter whether it was twenty days from the first award. This point was made in Mr. Dalal's earlier motion but is repeated here for reemphasis. Per *Nassau Ins. Co. v. Jiminez (1982, Sup) 116 Misc 2d 908, 456 NYS2d 654*, interpreting New York Law, Mr. Dalal's Complaint was timely "if made within 90 days of the delivery of the arbitrator's modified decision, since **the modified decision supersedes the original decision and is the final award**" (as cited above).

It is therefore unfair to Mr. Dalal for this honorable Court to continue to insist that the December 7, 2005 award was the "final award" (*Second Opinion at 8*) and especially in a paragraph in which this Court is acknowledging the tolling provision of New York Law. Equally, it is unfair for this Court to keep insisting that the only request Mr. Dalal made was a request for anonymity, thereby ignoring his material, non-ministerial and non-subsidiary request for a dollar increase in the award. By so doing, this Court has fractured the facts to the point of disbelief, ignoring the sequence of submissions, which were three in all, all three of which were accepted to be timely at the time.

Fourthly and finally, if the NYSE arbitrators and Director of Arbitration accepted Mr. Dalal's timely requests to be exactly that, and if Goldman waived the statute of limitations claim by its failure to object to Mr. Dalal's Request for Modification, and if legal textbooks confirm

that a new award stands as the final award for any calculation of the limitations period, then surely this honorable Court should not *sua sponte* block Mr. Dalal with a timeliness argument made up *post hoc*, certainly not when the argument clearly contradicts the facts and the law of the case. In any event, if Mr. Dalal submitted requests for modification, and those requests were accepted for consideration, it is unfair for this Court to refuse, in a motion to dismiss, to accept those assertions and actions at face value.

Finally, should this Court see fit to accept Mr. Dalal's arguments herein, he respectfully requests this Court to additionally explicitly set forth that New York Law applies, not the FAA, a point made only obliquely in the Second Opinion. It is only conclusion consistent with controlling law, as set forth by the Court of Appeals for the DC Circuit and the US Supreme Court (which controlling law is set forth in Mr. Dalal's first Rule 59 Motion, and is not being repeated only out of respect for this Court's time).

### ARGUMENT TWO: *RES JUDICATA* IS ERRONEOUSLY APPLIED

This Court committed clear error in concluding that *res judicata* bars certain claims set forth by Mr. Dalal, including ones for unjust enrichment and quantum meruit. This error was first evidenced by the Second Opinion and is therefore properly brought forth by this Motion.

Firstly, the US Supreme Court has held that a judgment which is as sparse as the final award of the arbitration panel cannot bar the parties on any issue. "**See Lawlor v. National Screen Service Corp., 349 U.S. 322, 327 (1955) (judgment <u>unaccompanied by findings</u> does not bar the parties on any issue)**" (bold and underline added)...The Supreme Court has further stated, "A judgment entered with the consent of the parties may involve a determination of questions of fact and law by the court. But unless a showing is made that that was the case, the judgment has no greater dignity, so far as collateral estoppel is concerned, than any judgment

4

entered only as a compromise of the parties." *United States v. International Building Co.*, 345 U.S. 502, 506 (1953).

To be sure, the award by the NYSE arbitration panel cannot demonstrate that it considered the law and the facts. It is simply too sparse, that despite the fact that Mr. Dalal requested a 'reasoned opinion' and had the right to receive one under NYSE Rules. The US Supreme Court's opinions better fit the context of this case, which is nothing but an *appeal* proceeding of an arbitration proceeding decided in an unusually sparse opinion. By contrast, the cases relied upon by this Court stand for the all-too-plain proposition that a party which has been heard on the merits of a case, at a court of law or at an arbitration proceeding, should not bring the same complaints against the same parties in a new proceeding at a new venue. That is hardly the context here though, for Mr. Dalal stands before this Court in the very first appeal of his arbitration, and the arguments set forth in his appeal are therefore in the nature of the 'law-of-the-case,' argued sequentially in the same case rather than separately and subsequently in a new case. His legal theories therefore should not be subject to *res judicata* or *collateral estoppel* but avail of the US Supreme Court's prohibition on applying the same to unknown contexts.

Secondly, this Court's application of *res judicata* ignores the nature of the unjust enrichment and quantum meruit claims, which arise because of Mr. Dalal's failure to secure his IPO Award. Those are claims Mr. Dalal would not have pursued had he not been duped by Goldman. Here the law is clear: "the prior judgment will not act as *res judicata* if the current claim could not have been asserted in the previous action" *Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan*, 236 F.3d 196, 206 (2d Cir. 2001). The facts are equally clear, for Mr. Dalal could not have focused on a claim which rose only when his other claims fell.

This is not a new argument but one sourced from the original Statement of Claim. Mr.

Dalal had alerted everyone then that the quantum meruit claim is a separate claim which shall arise if and when the other claims remain unsatisfied. To quote from his original Statement of Complaint, Mr. Dalal stated that Goldman Sachs "terminated the IPO Award…without regard to a quantum meruit claim for work performed in fiscal year 1999 (which arises upon termination of the IPO Award) (page 3, bold in original removed)." The 'Remedies Sought' also set forth the claim as an 'either/ or' one. It is the only plain-English interpretation of those sentences.

Because the quantum meruit and other claims rose when the other claims fell, it clearly falls within the controlling law set forth by the DC Circuit in *Drake v. Federal Aviation Administration, supra, 291 F.3d 59*, which holds "that res judicata did not bar an action based on facts not yet in existence at the time of the original action, *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 949 n.5 (D.C. Cir. 1983))*." Also, "[a]lthough the two actions may "share the same nucleus of facts," the D.C. Circuit has made clear that "[r]es judicata does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit." *Apotex, 2004 WL 2937247, at \*7. See also Drake v. F.A.A., 291 F.3d at 66-67; Stanton v. Dist. of Columbia Court of Appeals, 127 F.3d 72, 78-79 (D.C.Cir. 1997); Page v. U.S., 729 F.2d 818, 820 n. 12 (D.C. Cir. 1984)*." Also, "*Wise v. Glickman, 257 F. Supp. 2d 123, 131 (D.D.C. 2003)* (plaintiff's claim was not barred, although it arose from same nucleus of facts as claims made in plaintiff's previous suits, because "any other claims made [during the previous suits] may have been deemed premature" and thus plaintiff "never had a fair and full opportunity to litigate [those claims]").[2] Also, "the defendant did not demonstrate that the second case turned on issues that were or could have been raised in the first case (citing *Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984))*."

---

[2] *https://ecf.dcd.uscourts.gov/cgi-bin/show_public_doc?2004cv1001-13*

6

Thirdly, this Court has emphasized that any and all "claims that should have been submitted to arbitration" (*Second Opinion at 9*) are subject to *res judicata*. This Court thus errs by ignoring the fact that the ***quantum meruit and similar claims were not arbitrable***, were ***not covered by the arbitration agreement between Goldman and Mr. Dalal*** and were included only out of abundant caution in any proceeding under New York Law, which requires notice be given to the other party on all matters. Rather than risk dismissal of a claim of unjust enrichment and quantum meruit as being late, Mr. Dalal filed those early, perhaps too early, but that is not to suggest that the arbitration panel gained jurisdiction, or even focused on the issue, or that Mr. Dalal should end up losing his right to argue those claims in a proper venue such as this Court. To argue otherwise holds for the argument that Mr. Dalal should have initiated his arbitration and then simultaneously commenced a court proceeding on his quantum meruit and unjust claims. Ironically, that would have burdened the judicial system even more, not less, and lessening that burden is a principle purpose for applying *res judicata*.

In other words, because the agreement among the parties is the only basis by which the NYSE arbitration panel obtained jurisdiction on this matter, and because that agreement makes no mention of 'related claims,' or 'other claims,' or compels arbitration of those, it is clear that the arbitration panel lacked jurisdiction on the quantum meruit and other such claims, and which has commonly been applied to avoid the application of *res judicata*. Mr. Dalal footnotes some compelling case precedents here, which confirm that if a court lacked jurisdiction to hear a claim, its judgment cannot act as *res judicata*.[3] The same has also been set forth in *"Restatement*

---

[3] "If the current claim is in the exclusive jurisdiction of the federal courts, then the New York state court would not have had jurisdiction to hear it and a judgment will not act as res judicata" See *Cullen v. Margiotta, 811 F.2d 698, 732 (2d Cir. 1987)*. "For the foregoing reasons, the District Court erred in granting the Defendants' motion to dismiss. Although we agree with the District Court that Walzer's state claims are barred by the New York judgment compelling

*(Second) of Judgments § 20 (1982)* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure §§ 4435-4447 (1981)*, setting forth exceptions to *res judicata* to include "earlier judgment entered without jurisdiction; improper venue; non-joinder or misjoinder of parties; prematurity; failure to satisfy condition precedent; and dismissal without prejudice" *996 F.2d 14 Westcott Construction Corp., Plaintiff, Appellant v. Firemen's Fund Of New Jersey, Defendant, Appellee. No. 93-1011. United States Court Of Appeals, First Circuit. Decided June 25, 1993.*

Finally, Mr. Dalal pleads this Court to consider that "*res judicata* is a judge-made doctrine resting on considerations of policy, and doubtless there is room for equitable adjustments" *Federal Practice and Procedure § 4415 (1981)*. He therefore reiterates the compelling equities of his claim.[4] He also notes that the most damaging criticisms about Goldman Sachs, contained in a subsequent filing to the arbitration panel, have not been put forth before this Court by either party, but which further confirm a company with scant regard for ethics or the law. Many witnesses, in senior positions at the company, attested to the same.

## CONCLUSION

For all the reasons set forth above, the Second Opinion should be amended or reversed.

April 8th 2008

Respectfully Submitted,

BY SANDEEP DALAL
PLAINTIFF, *PRO SE*

COPY TO SULLIVAN & CROMWELL

---

arbitration, we disagree regarding whether the New York judgment mandates arbitration of his Exchange Act claims." *http://www.ca3.uscourts.gov/opinarch/053680np.pdf*

[4] "[Mr. Dalal] was the principle associate on seven out of nine revenue generating transactions in his last twelve months (with the other two transactions distributed across the other thirty associates). So Dalal's executed virtually *all* the revenue-generating projects completed by the Leveraged Finance Group that year." (Statement of Claim, page 25).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 9th day of April 2008, he served a true and correct copy of the foregoing Plaintiff's Rule 59 Motion in the Civil Action # 06-CV-1061-EGS, as follows:

Clerk's Office
US District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001
(202) 354-3000
(By Fedex: x1 Chamber's Copy; 1x Clerk's Original)

GOLDMAN SACHS & CO.
C/o Jordan T. Razza
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, DC 20006-5805
(202) 956-7500
(By Fedex: x1 Copy)

Signed By
Sandeep Dalal
*Pro Se*
1809 Devonshire Crescent
Houston, TX 77030
(202) 329-7534 (Mobile)

9