UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

------------------------------x
:
SANDEEP DALAL, :
:
            Plaintiff, :
  v. : No.: 06-1061-EGS
:
GOLDMAN, SACHS & CO., :
:
            Defendant. :
:
------------------------------x

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RULE 59 MOTION TO ALTER OR AMEND THE COURT'S MEMORANDUM OPINION DISMISSING ALL OF PLAINTIFF'S CLAIMS WITH PREJUDICE

Goldman, Sachs & Co. ("Goldman Sachs") respectfully submits this memorandum in response to Plaintiff's Rule 59 Motion on Final Appealable Order dated April 10, 2008 ("Mot."), seeking alteration or amendment of the Court's Opinion dated March 27, 2008 ("3/27/08 Opinion"), which denied plaintiff's previous motion for reconsideration and dismissed plaintiff's claims with prejudice.

## PRELIMINARY STATEMENT

Dalal's latest submission is yet another frivolous attempt to avoid the simple facts that his claims were resolved almost three years ago by an NYSE arbitration Panel and he made no timely motion to vacate or modify the Panel's award. Motions under Fed. R. Civ. P. 59(e) are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Jung* v. *Ass'n of Am. Med. Colls.*, 226 F.R.D. 7, 9 (D.D.C. 2005) (internal citation omitted). A Rule 59(e)

motion to alter or amend a judgment "will not be granted unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal citation omitted). Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments present evidence that could have been raised prior to the entry of judgment." *Id.* (internal citation omitted.) Dalal does not come close to meeting this extraordinarily high threshold. His motion should be denied.

### Dalal's Motion to Vacate is Time-Barred.

Dalal's first argument—that the Court erred in concluding that the December 7, 2005 award was final (Mot. at 1)—is one the Court has now twice rejected. As the Court said in its 3/27/08 Opinion:

> As the Court held in its May 7, 2007 opinion, the December 2005 award was final because it unambiguously resolved all claims submitted in the demand for arbitration and only left unresolved the ministerial issue of plaintiff's request for anonymity.

(3/27/08 Opinion at 6; citations omitted.)

Dalal's contention that the NYSE "characterized the December 7, 2005 award as an interim one," because, Dalal asserts, the Panel "accepted Mr. Dalal's Request for Modification dated February 8, 2006 [and] issued a third award on March 9, 2006" (Mot. at 2) is flat wrong. To the contrary, what the Panel issued on March 9 was not a new award, as Dalal claims, but rather its denial of Dalal's application to modify the December 2005 award. (*See* 3/27/08 Opinion at 2.) Furthermore, the Panel's ruling on Dalal's motion to modify hardly suggests that the Panel's December 2005 award was an

interim one. Indeed, Dalal's request that the award be modified plainly reflects Dalal's understanding that it was final.

Dalal also seeks to reargue his contention that his February 8, 2006 modification request to the Panel tolled the 90-day limitations period for motions to vacate under New York law. As the Court ruled, however, that request was itself untimely under N.Y. C.P.L.R. 7503, which requires that any such application be filed within twenty days after delivery of the award. (*See* 3/27/08 Opinion at 7-8.)

Dalal's argument (Mot. at 2) that Goldman Sachs waived its statute of limitation defense under New York law because it did not assert in its opposition to Dalal's February 8, 2006 motion to modify that Dalal's request was untimely under New York law is equally meritless. An NYSE arbitration panel sitting in Washington, DC is not bound by New York arbitration law; there was no basis whatsoever for Goldman Sachs to refer to New York procedural law in opposing Dalal's modification motion.

Moreover, although Dalal's motion to vacate would be barred under New York law, any argument by Dalal with respect to New York law is entirely misplaced, because Dalal *never* moved to vacate under New York law. (*See* Defendants Memorandum in Opposition to Plaintiff's Rule 54 Motion dated August 24, 2007 ("8/24/07 Mem.") at 3-4.) To the contrary, not only did Dalal state explicitly that he was proceeding under the FAA, he expressly argued that the choice of law provision in his RSU award related only to New York "substantive law," and that "[i]n terms of timeliness, courts in the District of Columbia have routinely considered statute of

limitations issue as procedural matters, irrespective of substantive law." (Cplt. ¶¶ 35, 36.) Indeed, Dalal cited authority for the proposition that New York arbitration law did not apply:

> Under customary choice of law principles, the laws of the forum… apply to matters of procedure… and, save where limitations is part of the cause of action itself, [a] limitation on the time of suit is procedural and is governed by the law of the forum. *Huang v. D'Albora*, 644 A.2d 1, 4 (D.C. 1994)

(Cplt. ¶ 36, fn. 1.)

Finally, as Goldman Sachs has shown (*see* 8/24/07 Mem. at pp. 5-6), even if the modification request had tolled the statute of limitations, Dalal's motion would still be time-barred. New York law requires that a petition for modification or vacatur be served upon the adverse party not later than 15 days after CPLR § 7511's 90-day statute of limitations expires. N.Y. C.P.L.R. § 306-b (2007); N.Y. C.P.L.R. § 7502(a) (2007); N.Y. C.P.L.R. § 7511(a) (2007). Here, Dalal did not serve his complaint until October 2, 2006, far beyond the time allowed, and even then he improperly served it on counsel, not Goldman Sachs. Service upon counsel for the adverse party in the underlying arbitration is *not* sufficient. *See In re Star Boxing, Inc. v. DaimlerChrysler Motors Corp.*, 792 N.Y.S.2d 564, 565 (N.Y. App. Div. 2005) (where petition was served on law firm "petitioner failed to properly serve the petition, the Supreme Court lacked personal jurisdiction over the appellant, and the motion to dismiss the proceeding should have been granted").

Dalal's Quantum Meruit and Unjust Enrichment<br>
<u>Claims are Barred by the Doctrine of Res Judicata.</u>

Dalal's efforts to avoid the clear fact that his claims are barred by the doctrine of res judicata are equally meritless. Dalal's baseless argument that he had some right to a "reasoned opinion" from the NYSE Panel and that the Award somehow did not resolve all his claims because it is "sparse" (Mot. at 4) simply avoids the fact that his claims are barred by the doctrine of res judicata because he unquestionably asserted them in the arbitration. Indeed, Dalal himself stated in his August 10, 2007 Opposition to Defendant's Motion to Dismiss, that

> both counts of the Complaint [i.e. those asserting quantum meruit and unjust enrichment claims] are contained in the submissions made to the arbitration panel in 2004. Count five and six of the filing on this litigation mirror counts seven and eight of the arbitration filing. The filing at arbitration in 2004 includes Count VII (Breach of Covenant of Good Faith and Fair Dealing), a subset of which is the doctrine of unjust enrichment, and Count VIII, which is specifically set forth as a Quantum Meruit Claim.

(at pp. 6-7.) Those claims are thus indisputably barred. *See Schattner* v. *Girard, Inc.*, 668 F.2d 1366, 1368 (C.A.D.C. 1981) (res judicata bars claims that were or could have been brought in prior arbitration).[1]

Next, Dalal asserts that his quantum meruit and unjust enrichment claims are not barred because he asserted those claims as alternatives to his claim for delivery of

---

[1] Plaintiff's citation to *Lawlor* v. *Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955) is entirely misplaced. The language that Dalal cites from that decision concerns the doctrine of collateral estoppel (i.e., issue preclusion); it has no application to the claim preclusion issue here.

stock and thus—he says—he could not raise until after "his other claims fell" (Mot. at 5-6). This too ignores the fact that—whether alternative or not—he plainly submitted those claims to arbitration. Finally, Dalal argues that he was not obligated to submit the claims to arbitration. (Mot. at 7.) Once again, however, the simple and inescapable fact is that he *did* submit them.

## CONCLUSION

Plaintiff's Motion should be denied.

Dated: April 21, 2008
      New York, New York

_Robin D. Fessel_
Robin D. Fessel
Elizabeth K. Ehrlich
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498

*Counsel for Defendant,*
*Goldman, Sachs & Co.*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     : ss.
COUNTY OF NEW YORK   )

      Jessie Knight, being duly sworn, deposes and says that she is over 18 and not a party to this action and that on the 21st day of April, 2008, she served a true copy of the attached memorandum in opposition to plaintiff's rule 59 motion to alter or amend the court's memorandum opinion dismissing all of plaintiff's claims with prejudice, by regular mail, postage prepaid, addressed to the *pro se* plaintiff, Sandeep Dalal, 2111 Wisconsin Avenue, NW, #208, Washington, DC 20007.

                                                                                                                      /s/ Jessie Knight

Sworn to before me this
21st day of April, 2008.

Notary Public

ERICKA A. HOLMAN
Notary Public, State of New York
No. 24-4917667
Qualified in Queens County
Certificate Filed in New York County
Commission Expires January 19, 2010