RECEIVED

APR 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Case # 06-CV-1061-EGS
Appealed From New York Stock Exchange
Arbitration Case #2004-015821

**SANDEEP DALAL**
*Plaintiff ("Mr. Dalal")*

v.

**GOLDMAN, SACHS & CO.**
*Defendant ("Goldman")*

---

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 59 MOTION ON FINAL APPEALABLE ORDER

---

Submitted By:
Sandeep Dalal
*Pro Se*
1809 Devonshire Crescent
Houston, TX 77030
Telephone: (202) 329-7534 (Mobile)

Mr. Dalal submits this Reply to emphasize the 'clear errors' of fact and law evidenced by the Opinion of 3/27/08, errors forced upon this honorable Court by Goldman's motions to dismiss. Far from expediting the procedure, the two Motions to Dismiss have misled the result, and thus made worse the delays imposed upon Mr. Dalal since 1999, and left him with the ironical charge that it is *his* filings which are "frivolous" (*Goldman Response at 1*).[1]

At the outset, Mr. Dalal notes that if there are any doubts about his ultimate chance of recovering anything, the applicable law is crystal clear. It is well-settled under New York Law (and any law really) that Mr. Dalal had to prevail on at least one theory of recovery to win even a dollar against Goldman Sachs. It is equally well-settled under New York Law, that if Mr. Dalal recovered anything in a legal proceeding, he must recover everything owed, up to the full dollar value of the claim. After all, charity was not one of his theories of recovery, and if not, an arbitrary award cannot but be unacceptable. That is especially so because the full value of the claim is simple multiplication (the highest price of the stock since 1999 multiplied by the number of shares of vested stock).

Also crystal clear is the context of the case. <u>One</u>, New York Law applies in any

---

[1] At the outset, Mr. Dalal must emphasize that the contract among the parties prohibited him from bringing this litigation until Goldman completed its own internal procedures, which Goldman took several years to do. Perhaps it suited Goldman not to have this case come to arbitration in 1999 and certainly, those years dulled the power of Mr. Dalal's argument. Then in 2004, when Mr. Dalal finally was able to bring the matter to arbitration, Goldman took a full year to check on the availability of the witnesses, none of whom ever appeared in person. Goldman's own tactics have thus accounted for nearly four years of delays in this litigation. Furthermore, Goldman put the arbitration proceeding at risk by unethically deleting the bulk of Mr. Dalal's submissions from the information sent to the witnesses. The same information also inexplicably disappeared from the premises of the NYSE. Mr. Dalal was thus forced to conduct his cross-examination of the witnesses without those critical documents, and he accepted the compromise to avoid another Goldman-created delay. Goldman also conducted an extra-legal proceeding in parallel with this legal dispute, making false and irrelevant filings with two Federal agencies (even if to no avail). So it is awkward that Goldman, having delayed this litigation with tardy tricks, now complains about the Mr. Dalal's legal motions being frivolous.

determination of timeliness. That is the law as set forth by the US Supreme Court, clarified by the Second Circuit in a case dealing with New York Law and affirmed by the DC Court of Appeals in a similar dispute about procedural law.[2] *Two*, as a legal matter, "New York Law permits the statute of limitations to be tolled when a modification request is filed" (*Opinion 3/27/2008 at 2*). *Three*, as a factual matter, the "parties were informed of the decision on December 7, 2005, and a revised version of the award was issued on January 20, 2006" (*Second Opinion 3/27/2008 at 2*). Then within twenty days, on "February 8, 2006, plaintiff submitted to the NYSE a "Request for Modification of the Award," to which defendant responded on February 22, 2006. On March 9, 2006, the parties were notified that the panel had denied the request for modification" (*Second Opinion 3/27/2008 at 2*).

Those factual and legal conclusions have not been challenged by either party, yet it has led to an inexplicable disconnect. Neither Goldman nor this Court has explained how or why the aforementioned procedure for modifying the award, which was accepted to be timely by the NYSE's Director of Arbitration, then by the Arbitration Panel and certainly by Goldman itself, can now be deemed *sua sponte* by this Court to have been belated, and therefore never tolled the limitations period. If the twenty-day period began to run from the December 7 2005, not January 20 2006, as concluded by this Court, then surely the NYSE's Director of Arbitration and the Arbitration Panel would have said so and acted accordingly. But they did not, not even in response to Mr. Dalal's written query on the same. Neither did Goldman, which appeared to have

---

[2] See Mr. Dalal's Rule 59 Motion *7/12/2007*, relying on *Ekstrom v. Value Health, Inc.*, 68 F. 3d 1391, 1395-96 (DC Cir. 1995), *Volt Information Sciences, Inc. v. Leland Stanford Jr. Univ.*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) ("Where, as here, the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA") and *Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193, 623 N.Y.S.2d 800, 647 N.E.2d 1308 (1995), where the parties had selected New York Law and it was not found to be preempted by the FAA, the case citing Volt.

no objection whatsoever to the timeliness of his Request for Modification. That failure to challenge the timeliness of the filing then must now estop Goldman from doing so now. That is controlling law.[3]

**ARGUMENT ONE: MR. DALAL'S REQUEST FOR MODIFICATION WAS DEEMED TIMELY BY THE ARBITRATORS; GOLDMAN FAILED TO OBJECT TO THE TIMELINESS ISSUE THEN AND UNDER WELL SETTLED LAW, CANNOT RELY ON IT NOW; AND IN ANY EVENT, THIS COURT SHOULD NOT *SUA SPONTE* CREATE AN ARGUMENT *POST HOC***

Goldman's Response relies on the finding by this Court that the December 2005 award "only left unresolved the ministerial issue of plaintiff's request for anonymity" (*Goldman Response 4/21/08 at 2, quoting Opinion of 3/27/08*) and that therefore the time to appeal began to run from the December 2005 award, not the revised January 2006 award.

Mr. Dalal must continue to challenge that conclusion because his Request for Modification was for a material increase in the dollar value of the award, from $25,000 to the full market value of the vested stock, an increase of as much as 1700%. That is material, not ministerial. In any event, ***differentiating between a ministerial and a material request for modification lacks any meaning under the tolling provisions of New York Law***. Thus the differentiation is not only factual incorrect but legally irrelevant as well.

What worsens the error is the truncation of the modification procedures between December 2005 and March 2006. The December 2005 Award noted that a revised award was to be issued; written communications between Mr. Dalal and the NYSE confirm such an

---

[3] "[Failure] to raise the statute of limitations in this case constitutes a waiver of that claim."..."As the District of Columbia Circuit has held, a party claiming the statute of limitations defense must give adequate notice of that claim in order to permit the other side "not only to frame legal arguments, but to establish relevant facts that might affect the applicability of the statute of limitations...(quoting *Harris v. Secretary of Veteran Affairs, 126 F 3d 339, 343, 344 (DC Circuit 1997)*." (*US Court of Appeals for the DC Circuit in Canady v. SEC, No. 99-1407 Decided 10/31/2000*):

understanding; a revised award was indeed issued by the NYSE, and issued without any intervening motions by either party; Mr. Dalal filed a timely Request for Modification within twenty days of the revised award; the NYSE's Director of Arbitration accepted the Request to be timely, so did Goldman Sachs, and so did the Arbitration Panel.

Goldman counters with the bizarre argument that the decision the "Panel issued on March 9 was not a new award, as Mr. Dalal claims, but rather its denial of Dalal's application to modify the December 2005 award" (*Goldman Response 4/21/08 at 2*). **But an "application to modify" is sufficient to toll the statute of limitations and neither the fate of the request (whether it led to a new award or not) nor the nature of the request (whether it was material or ministerial) has any place under the tolling precedents of New York Law.**

Furthermore, judicial deference suggests this Court should accept the implicit decision of the NYSE's Director of Arbitration and of the Arbitration Panel to accept the January 2006 Award to be the "delivery of the award" under New York Law. **The Arbitration Panel was the statutory authority empowered to deliver the award, and the Director of Arbitration determined by his communications and actions that the 20-day began to run from the January 2006 Award, not the December 2005 one**. The written communications among the parties and the absence of any challenges to the timeliness of Mr. Dalal's modification request thus bolster the suggestion for judicial deference.

Most clearly, Goldman's Response leaves unanswered why it failed to challenge the timeliness of Mr. Dalal's Request for Modification at the time it was filed, and having failed to do so then, why it should not stand estopped from doing so now. That is controlling law, as set forth by the US Court of Appeals for the DC Circuit in *Canady v. SEC, No. 99-1407 (Decided 10/31/2000)*.

Goldman circumvents controlling precedent with the bizarre argument that "there was no basis whatsoever for Goldman Sachs to refer to New York procedural law in opposing Dalal's modification motion," that because the "NYSE arbitration panel [was] sitting in Washington, DC" (*Goldman Response at 3*). **Goldman thus misses the point, for the 20-day rule is set forth in the NYSE's Rules of Arbitration and in New York Law, which governed the arbitration proceedings, and it cannot now plead it failed to object to the timeliness of Mr. Dalal's motions then because it was distracted by the venue in the District of Columbia.** And the point is dispositive, because this Court has granted the Motion to Dismiss on the argument that Mr. Dalal's Request for Modification was untimely, but the *Canady* precedent requires Goldman to have filed its objection in January 2006, not now, and because it failed to do so then, the argument stands waived. Goldman thus denied Mr. Dalal the chance to frame his legal argument. Had it made its objections at the time of its response on February 8, 2006, Mr. Dalal would have been well within the 90-day rule to preserve his legal rights.

Equally clearly, New York case law refers to phrases such as the "original decision," the "modified decision" and the "final decision" (as cited above).[4] To concur with this Court, one would have to accept that the 20-day period or the 90-day period invariably run from the December 2005 award, but if so, then New York case precedents would have no reason to differentiate among such awards. If the strict analysis of this Court had been the intent, New York Law would not have provided for tolling at all.

---

[4] Per *Nassau Ins. Co. v. Jiminez (1982, Sup) 116 Misc 2d 908, 456 NYS2d 654*, the decision taken by the arbitration panel upon a request for modification supersedes the original decision and is to be considered the final award made. To cite *5 NY Jur 2d §195 Commencement and tolling of statutory period*, Mr. Dalal's Complaint was timely "if made within 90 days of the delivery of the arbitrator's modified decision, since the modified decision supercedes the original decision and is the final award." The Nassau decision is footnoted in *5 NY Jur 2*.

Next, Goldman's new complaint, that Mr. Dalal cannot now rely on New York Law, is surely belated. The argument takes this litigation back several years. Mr. Dalal has relied on New York Law since his original Statement of Claim was filed, and has routinely cited the same in bold and all caps (which is exactly how it is written in the contract among the parties). Even if Mr. Dalal has been remiss in emphasizing New York Law, it is Goldman which drafted the contract among the parties and inserted the applicable state law to invariably be New York's. It therefore cannot argue against the applicability of New York Law.

Also belated is Goldman's complaint about the time taken by Mr. Dalal to serve the summons, and the impropriety of the service, is awkward. Those issues have already been dealt with by this Court. True, there is a new emphasis on NYCPLR 306(b), but it is at best belated. Such a new argument has no place in a Response to Mr. Dalal's Rule 59 Motion, and should have been included in the Motion to Dismiss or a Rule 59 Motion of its own. In any event, NYCPLR 306(b) gives this Court ample leeway in extending the time to serve summons.[5] Here Mr. Dalal posits that this Court has, through the Clerk's Office, already exercised its discretion, for that Office aggressively and repeatedly instructed Mr. Dalal he had 120 days to serve his summons. As pro se counsel, Mr. Dalal had no reason to doubt the Clerk's instructions.

## ARGUMENT TWO: *RES JUDICATA* IS ERRONEOUSLY APPLIED

*Res judicata* can never be applied to avoid the very first and very direct appeal of a legal proceeding. Once this honorable Court found that *quantum meruit* and unjust enrichment "were previously adjudicated before the arbitration panel" (*Opinion 3/27/08 at 8*), it should have categorized those counts of Mr. Dalal's complaint as an appeal of that arbitration, not as a new

---

[5] "If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." *NYCPLR Rule 306(b)*.

6

litigation of "the same claim under new labels" (*id,* citing *Shattner*). Its case precedents are clearly extraneous, for those merely preclude claims "that should have been submitted to arbitration, even if they were not actually heard" (*id at 9,* citing *Sanders, et al*), and which legal conclusion is thus in error.

In other words, ***a claim found to have been raised below is a claim that came before this Court as an appeal, not as a new litigation, and it should not be dismissed without trial, except if this Court rules those counts of the complaint as untimely***. That this Court has not done. Of course, Mr. Dalal believes it should not do so either, because both claims have been categorized as non-FAA claims, so New York Law surely applies, and which for reasons set forth elsewhere, clearly provides for tolling. Even if this Court does not accept Mr. Dalal's tolling arguments, it should revise reliance on *res judicata*, for it shall unnecessarily distract the appellate court later. It is yet another error forced upon this Court by Goldman.[6] Of course, its Response makes no attempt to explain it, or to address any of the other issues on *res judicata* raised by Mr. Dalal, including the argument that non-arbitrable claims should not be clubbed with arbitrable claims in applying *res judicata*.[7]

---

[6] Here Mr. Dalal speculates the error originated with a prior Goldman error, its application of the FAA to an arbitration governed by New York Law. That forced this Court to split up the Complaint into FAA and non-FAA claims. Goldman then convinced this Court to treat the non-FAA claims as a new litigation, doing so on the strength of case precedents which deal with new litigations, not appeals.

[7] Its only specific response is on *Lawlor*, that "the doctrine of collateral estoppel (i.e., issue preclusion)...has no application to the claim preclusion issue here" (Goldman Response 4/21/08 at 5). Yet in reality, the only context in which *res judicata* would be materially distinguishable from collateral estoppel is when Goldman seeks to not only stop Mr. Dalal from relitigating a claim, but also when it seeks to stop a claim that should have raised but was not. Once this Court has found quantum meruit was raised at the arbitration below, Goldman no longer needs to rely on *res judicata* but can just as easily rely on collateral estoppel, and the practical effect of one or the other is moot.

7

## CONCLUSION

For all the reasons set forth herein, and in the Rule 59 Motion dated April 8th 2008, the Opinions should be amended or reversed.

April 29th 2008

Respectfully Submitted,

BY SANDEEP DALAL
PLAINTIFF, *PRO SE*

COPY TO SULLIVAN & CROMWELL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of April 2008, he served a true and correct copy of the foregoing Plaintiff's Rule 59 Motion in the Civil Action # 06-CV-1061-EGS, as follows:

Clerk's Office
US District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001
(202) 354-3000
(By Fedex: x1 Chamber's Copy; 1x Clerk's Original)

GOLDMAN SACHS & CO.
C/o Jordan T. Razza
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, DC 20006-5805
(202) 956-7500
(By US Mail: x1 Copy)

Signed By
Sandeep Dalal
*Pro Se*
1809 Devonshire Crescent
Houston, TX 77030
(202) 329-7534 (Mobile)

9